MEMORANDUM OPINION



No. 04-07-00542-CV



IN RE Eric Ricardo TORRES



Original Mandamus Proceeding (1)



PER CURIAM


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice

 

Delivered and Filed: September 26, 2007


PETITION FOR WRIT OF MANDAMUS DENIED

 In a petition for a writ of mandamus, relator Eric Ricardo Torres alleges that he filed a
"Motion for a Nunc Pro Tunc Order to Set Aside Illegal and Unauthorized Sentence" in the trial
court on April 4, 2007. Torres, who pled guilty to assault on a peace officer in 1993 and is serving
his sentence, complains of the trial court's failure to rule on his post-conviction motion and seeks
a writ of mandamus directing the trial court to set aside his sentence. 

 To obtain a writ of mandamus compelling the trial court to consider and rule on a motion,
a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act,
(2) was asked to perform the act, and (3) failed or refused to do so. In re Molina, 94 S.W.3d 885,
886 (Tex. App.--San Antonio 2003, orig. proceeding). After these prerequisites are met, we are
authorized to direct the trial court to consider and rule on a pending motion, but we may not tell the
trial court what ruling it should make. In re Hearn, 137 S.W.3d 681, 685 (Tex. App.--San Antonio
2004, orig. proceeding). It is the relator's burden to provide this court with a sufficient record to
establish a right to mandamus relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig.
proceeding); Tex. R. App. P. 52.3(j); 52.7(a).

 After reviewing Torres's petition and the accompanying documents, we conclude that Torres
has not shown himself entitled to mandamus relief. (2) The record provided by Torres does not show
that his motion was properly filed and is pending below. Torres's motion does not bear the court
clerk's file stamp and nothing else in the record indicates that his motion was filed. Absent proof
of a properly filed motion, Torres has failed to establish that the trial court had a legal duty to act.
Additionally, even if we assume that Torres's motion was properly filed, Torres has not satisfied the
other prerequisites to mandamus relief. Torres has not shown that he asked the trial court to rule on
his motion and that it failed or refused to act within a reasonable time. Although Torres claims that
on June 15, 2007 he filed a subsequent motion requesting a ruling, the record does not reflect that
the latter motion was filed and brought to the trial court's attention. 

 A trial court may be compelled to rule on a motion only when the motion is properly filed,
brought to the trial court's attention, and the trial court has failed or refused to rule within a
reasonable time. See In re Salinas, 2005 WL 2369712, at *1 (Tex. App.--San Antonio 2005, orig.
proceeding); In re Chavez, 62 S.W.3d 225, 228-29 (Tex. App.--Amarillo 2001, orig. proceeding);
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding). 
Torres has not met this burden. Accordingly, the petition for a writ of mandamus is denied.

 PER CURIAM



 


 
1. This proceeding arises out of Cause No. 3039, styled State of Texas v. Eric Ricardo Torres, filed in the 216th
Judicial District Court, Kendall County, Texas, the Honorable Stephen B. Ables presiding.
2. In the motion attached to his mandamus petition, Torres argues that his sentence exceeded the statutory
maximum and is therefore unauthorized. See Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (a sentence
that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal).