In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00059-CV


______________________________





IN RE: WENDELL WATSON









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Wendell Watson has filed with this Court a petition seeking mandamus relief from the
Honorable Guy Griffin, of the 123rd Judicial District Court, Panola County. Watson had moved the
trial court for a temporary injunction, which was denied. Watson filed a motion for rehearing; this
petition for mandamus relief asks us to order the trial court to rule on Watson's motion. 

 A more detailed summary of Watson's appeal of the trial court's denial of a temporary
injunction may be found at Watson v. Telecheck Servs., No. 06-08-00018-CV, 2008 Tex. App.
LEXIS 3868 (Tex. App.--Texarkana May 29, 2008, no pet. h.) (mem. op.). There, we treated his
appellate issue complaining about the trial court's failure to rule on the motion for rehearing as a
motion for new trial and to vacate the previous judgment. No further order was entered by the trial
court. Id. at *8-9. (As an incidental, we point out that Watson filed his notice of appeal in cause
number 06-08-00018-CV on February 6, 2008, nine days after filing his motion for rehearing with
the trial court.) 

 We believe our opinion in the original appeal of the denial of temporary injunction addresses
the merits of Watson's claim, including the relief he requested of the trial court in the motion for
rehearing. Accordingly, we deny Watson's request for mandamus relief. 

 Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex.
1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion, or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory statutory provision conferring a right or forbidding a particular action. Abor v. Black, 695
S.W.2d 564, 567 (Tex. 1985).

 Watson has not presented any evidence that the trial court waited an unreasonable amount
of time to rule on the motion for rehearing (which we deem to be a motion for new trial). A trial
court is required to consider and rule upon a motion within a reasonable time. In re Ramirez, 994
S.W.2d 682, 683 (Tex. App.--San Antonio 1998, orig. proceeding). When a motion is properly filed
and pending before a trial court, the act of giving consideration to and ruling upon that motion is a
ministerial act, and mandamus may issue to compel the trial court to act. Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig. proceeding). Nevertheless,
before an appellate court may compel a trial court to consider and rule on a pending motion, the
relator must establish the filing of the motion, the trial court's awareness of the motion, and the trial
court's refusal or failure to act within a reasonable period of time. See In re Hearn, 137 S.W.3d 681,
685 (Tex. App.--San Antonio 2004, orig. proceeding); In re Chavez, 62 S.W.3d 225, 228 (Tex.
App.--Amarillo 2001, orig. proceeding). An appellate court cannot assume the trial court was aware
of a motion and neglected to perform its duty; it is incumbent upon the relator to show the trial court
was aware of the existence of the motion and failed or refused to act on the motion within a
reasonable period of time. See Hearn, 137 S.W.3d at 685-86; Chavez, 62 S.W.3d at 228. Finding
no evidence the trial court refused to act on the motion in a reasonable time, we deny Watson's
request for extraordinary relief. 




 Bailey C. Moseley

 Justice


Date Submitted: June 11, 2008

Date Decided: June 12, 2008