

**NUMBER 13-09-00152-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE: OSCAR DAVILA

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Per Curiam Memorandum Opinion[1]

Relator, Oscar Davila, pro se, filed a petition for writ of mandamus seeking relief from orders directing the withdrawal of funds from relator's inmate trust account.[2] The Court requested, but did not receive, a response from real party in interest, the State of Texas, acting by and through the office of the Cameron County District Attorney.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not shown himself entitled to the relief sought. Mandamus

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This cause was originally docketed in this Court as a criminal matter. *See In re Davila*, No. 13-07-00706-CR, 2009 Tex. App. LEXIS ___, at *1 (Tex. App.–Corpus Christi Mar. 19, 2009, orig. proceeding) (per curiam) (mem. op., not designated for publication).

relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). The relator has the burden of establishing both prerequisites to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). This burden is a heavy one. *See In re Epic Holdings, Inc.*, 985 S.W.2d 41 (Tex. 1998)

In the instant case, relator has failed to meet this burden. The petition for writ of mandamus and accompanying documents do not establish a clear abuse of discretion by the trial court. *See generally* TEX. R. APP. P. 52.3(h), 52.3(k), 52.7. Moreover, relator has not demonstrated that he lacks an adequate remedy by appeal. *See In re Johnson*, No. AP-75,898, 2008 Tex. Crim. App. LEXIS 1628, at *22-23 (Tex. Crim. App. Oct. 29, 2008) (orig. proceeding); *Reed v. State*, 269 S.W.3d 619, 627-28 (Tex. App.–San Antonio July 9, 2008, no pet.); *Abdullah v. State*, 211 S.W.3d 938, 940-41 (Tex. App.–Texarkana 2007, no pet.); *see also In re Bejaran*, No. 13-08-00630-CV, 2008 Tex. App. LEXIS 8581, at *1-*3 (Tex. App.–Corpus Christi Nov. 12, 2008, orig. proceeding) (per curiam) (mem. op.).

Further, to the extent that relator's complaints concern the trial court's alleged failure to rule on relator's "motion to compel," we note that the record and appendix filed herein do not contain the "motion to compel" or any documentation otherwise related to the trial court's receipt and consideration of that motion. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.–San Antonio 2004, orig. proceeding) (holding that a party who complains about a trial court's refusal to hear or rule on a matter must show that the matter was brought to the attention of the trial court and that the trial court failed or refused to rule); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). The record currently before the Court fails to establish (1) the filing date for

2

relator's motion, (2) that relator has called the trial court's attention to his motion or requested that a hearing be set to determine its merit, and (3) whether the trial court has had a reasonable time within which to rule but has failed or refused to do so. Therefore, we cannot conclude that relator has shown any abuse of discretion by the trial court. *See In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding).

The petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Memorandum Opinion delivered and filed
this the 19th day of March, 2009.

3