02-11-400-CV








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-11-00400-CV

 

 




 
 
 In re Taurus Brown
 
 
  
 
 
 RELATOR
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 




 

 

----------

 

ORIGINAL PROCEEDING

----------

 

MEMORANDUM
OPINION[1]

----------

 

On
October 3, 2011, Relator Taurus Brown, a pro se state-prison inmate, filed in
this court a “Complaint of Access to Court,” which we construe as a petition
for a writ of mandamus.  In the petition, Brown alleges that the respondent
trial court has delayed the underlying civil lawsuit by failing to enter a
scheduling order or to rule on Brown’s motions.

Brown
sued Nathaniel Quarterman, Steven Page, Kevin Wolf, and Kevin Hoover in May
2008, alleging that he was stabbed by another inmate while being escorted
through the prison.  Attached to Brown’s petition for writ of mandamus is a
document titled “Plaintiff[’s] Request for Disposition and Motion to Proceed,”
which Brown purportedly mailed to the trial court on May 20, 2009.  In that
motion, Brown requests entry of a scheduling order.  However, the motion is not
file-marked, and there is no indication in Brown’s petition for writ of
mandamus or corresponding attachments that the trial court refused to rule on
the motion or that Brown even requested that the trial court rule on the
motion.

Mandamus
may issue to compel a trial court to rule on a motion that has been pending
before the court for a reasonable period of time.  See In re Hearn, 137
S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); In re Keeter,
134 S.W.3d 250, 252–53 (Tex. App.—Waco 2003, orig. proceeding); In re Chavez,
62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); see also In
re Butts, No. 02-06-00078-CV, 2006 WL 741556, at *1 (Tex. App.—Fort Worth
Mar. 23, 2006, orig. proceeding) (mem. op.).  To obtain mandamus relief for such
refusal, a relator must establish:  (1) the motion was properly filed and has
been pending for a reasonable time; (2) the relator requested a ruling on the
motion; and (3) the trial court refused to rule.  See Hearn, 137 S.W.3d
at 685; Keeter, 134 S.W.3d at 252; Chavez, 62 S.W.3d at 228.  The
mere filing of a motion with a trial court clerk does not equate to a request
that the trial court rule on the motion.  See Hearn, 137 S.W.3d at 685; Chavez,
62 S.W.3d at 228.

It
is the relator’s burden to provide us with a sufficient record to show his entitlement
to mandamus relief.  In re Blakeney, 254 S.W.3d 659, 661 (Tex.
App.—Texarkana 2008, orig. proceeding).  Brown has not shown a right to
mandamus relief because he has not provided us with a record showing that he
has brought any motion or request to the trial judge’s attention or that the
trial judge refused to rule on any such motion or request.  We therefore deny
Brown’s petition for writ of mandamus.

PER CURIAM

 

PANEL: 
GARDNER,
DAUPHINOT, and MCCOY, JJ.

 

DELIVERED:  October 27, 2011









[1]See Tex. R. App. P. 47.4.