# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00718-CV

**In re Whalon Patterson**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Whalon Patterson, an inmate, has filed a petition for writ of mandamus complaining of the trial court's alleged failure to rule on his motion for judgment nunc pro tunc, which asserts that Patterson is entitled to jail-time credit of 33 days. According to Patterson, he first filed his motion on October 10, 2011, but, after receiving no response from the district court, re-filed his motion on November 8, 2011.

Mandamus may issue to compel a trial court to rule on a motion for judgment nunc pro tunc addressing jail-time credit which has been pending before the court for a reasonable period of time. *See Ex parte Ybarra*, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004); *In re Sarkissian*, 243 S.W.3d 860, 860-61 (Tex. App.—Waco 2008, orig. proceeding). However, to obtain mandamus relief for the trial court's refusal to rule on such a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). The relator has the burden of providing a record establishing that his motion has awaited disposition for an unreasonable time. *In re Mendoza*,

131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding). Additionally, merely filing a motion with a district or trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685.

Moreover, whether a reasonable amount of time has lapsed is dependent on the circumstances of each case; "no bright-line demarcates the boundaries of a reasonable time period." *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). Courts consider several factors in determining whether the trial court has unnecessarily delayed a ruling, including the trial court's actual knowledge of the motion, its overt refusal to act on it, the state of the court's docket, the court's inherent power to control its docket, and the existence of other judicial and administrative matters which must be addressed. *See id.*

Although Patterson has provided this Court with what he claims is a copy of his motion,[1] he has otherwise failed to provide us with any correspondence to the district court requesting a ruling on the motion or anything indicating that the district court has refused to rule on the motion. *See* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). On this record, we cannot determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge, much less whether the motion has been pending for an unreasonable amount of time.

---

[1] We note that the copy of the motion Patterson provided to this Court is dated November 17, 2011, the same date that he served his petition for writ of mandamus. Thus, it appears that Patterson has not provided us with a copy of the actual motion that he asserts was filed with the district court on October 10 and November 8.

2

The petition for writ of mandamus is denied without prejudice.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Filed: December 8, 2011