**NUMBER**
**13-12-00002-CR**



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE FERNANDO ALEMAN

### On Petition for Writ of Mandamus

## MEMORANDUM OPINION

**Before Chief Justice Valdez, Justice Garza, and Justice Vela**
**Memorandum Opinion Per Curiam**

Relator, Fernando Aleman, appearing pro se, has filed a petition for writ of mandamus requesting that this Court compel respondent, the presiding judge of the County Court of Bee County, Texas, to rule upon his motion for judgment nunc pro tunc seeking to "clarify the record" in the underlying cause.[1] The following documents are attached to relator's petition: (1) a copy of the motion for judgment nunc pro tunc

---

[1] Specifically, relator appears to argue that a prior criminal charge brought against him was dismissed by the trial court; that the dismissal order nevertheless stated that relator was entitled to credit for time served of 163 days; that this "gave the impression" that relator pleaded guilty to the charge; and that his parole was "revoked" because of this impression.

signed by relator on November 15, 2011, and (2) a copy of a letter written by relator to the trial court clerk, dated March 31, 2011.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish that: (1) the motion was properly filed and has been pending for a reasonable period of time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228. The determination regarding what constitutes a "reasonable period of time" to rule on a motion is dependent upon several factors, including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *See In re Blakeney*, 254 S.W.3d at 661; *Ex parte Bates*, 65 S.W.3d 133 (Tex. App.—Amarillo 2001, orig. proceeding).

Having examined and fully considered the petition for writ of mandamus and the applicable law, this Court is of the opinion that relator has not met his burden to obtain mandamus relief. First, though relator has provided a copy of his motion for judgment nunc pro tunc, the motion does not bear a clerk's file stamp nor does it show that the motion has been presented to the trial court with a request for a ruling or otherwise

2

brought to the trial court's attention. *See In re Davidson*, 153 S.W.3d at 491; *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228. Second, relator has offered no legal authority or evidence showing that the alleged delay—less than two months[2]—constitutes an unreasonable period of time for the trial court to consider the motion.

For the foregoing reasons, the petition for writ of mandamus is DENIED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of January, 2012.

---

[2] Relator's letter to the trial court clerk, dated March 31, 2011, complains about the "time served" provision in the dismissal order and appears to ask for a copy of the order. However, the letter does not ask the trial court to enter a judgment nunc pro tunc. In any event, the actual motion for judgment nunc pro tunc was not purportedly filed until November 15, 2011. Accordingly, we consider November 15, 2011 to be the starting point for the trial court's alleged delay in ruling.