TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00077-CV






In re Nathan Hunter






ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N


 Relator Nathan Hunter, an inmate proceeding pro se, has filed a petition for writ of
mandamus complaining of the trial court's alleged failure to rule on his motion for judgment
nunc pro tunc. In the motion, Hunter claims that he was denied 40 days of jail-time credit.

 Mandamus may issue to compel a trial court to rule on a motion for judgment
nunc pro tunc addressing jail-time credit which has been pending before the court for a reasonable
period of time. See Ex parte Ybarra, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004); In re Sarkissian,
243 S.W.3d 860, 860-61 (Tex. App.--Waco 2008, orig. proceeding). However, to obtain mandamus
relief for the trial court's refusal to rule on such a motion, a relator must establish: (1) the motion
was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling
on the motion; and (3) the trial court refused to rule. See In re Hearn, 137 S.W.3d 681, 685
(Tex. App.--San Antonio 2004, orig. proceeding). The relator has the burden of providing a record
establishing that his motion has awaited disposition for an unreasonable time. In re Mendoza,
131 S.W.3d 167, 168 (Tex. App.--San Antonio 2004, orig. proceeding). Moreover, merely filing
a motion with a district or trial court clerk does not equate to a request that the trial court rule on the
motion. See Hearn, 137 S.W.3d at 685.

 Additionally, whether a reasonable amount of time has lapsed is dependent on the
circumstances of each case; "no bright-line demarcates the boundaries of a reasonable time period."
Ex parte Bates, 65 S.W.3d 133, 135 (Tex. App.--Amarillo 2001, orig. proceeding). Courts consider
several factors in determining whether the trial court has unnecessarily delayed a ruling, including
the trial court's actual knowledge of the motion, its overt refusal to act on it, the state of the
court's docket, the court's inherent power to control its docket, and the existence of other judicial
and administrative matters which must be addressed. See id.

 Although Hunter has provided this Court with a copy of his motion for judgment
nunc pro tunc, he has otherwise failed to provide us with any correspondence to the district court
requesting a ruling on the motion or any other document demonstrating that the motion was brought
to the district court's attention and, if so, that the district court has refused to rule on the motion. Nor
has Hunter included anything in the record that would allow us to determine whether a reasonable
amount of time has lapsed since the motion was filed. See Tex. R. App. P. 52.7(a) (relator must file
with petition "a certified or sworn copy of every document that is material to the relator's claim for
relief and that was filed in any underlying proceeding").

 The petition for writ of mandamus is denied without prejudice. See Tex. R. App.
P. 52.8(a).


 ___________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: March 1, 2012