# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00214-CV

## In re Orlando Zepeda

## ORIGINAL PROCEEDING FROM BLANCO COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Orlando Zepeda, an inmate in the Texas Department of Criminal Justice, filed a *pro se* petition for writ of mandamus asking this Court to compel the Honorable Daniel H. Mills, presiding judge of the 424th Judicial District Court of Blanco County, to enter a *nunc pro tunc* judgment modifying his judgment of conviction to reflect purportedly missing presentence jail-time credit. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2010); Tex. R. App. P. 52; *see also* Tex. R. App. P. 23. We deny the petition.

A trial court is required to grant a defendant presentence jail time credit when the sentence is pronounced. Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West Supp. 2011); *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). Thus, whenever a defendant can show indisputably that he has been denied jail-time credit for a period of pretrial incarceration, he is entitled to relief from the convicting court in the form of a judgment *nunc pro tunc* and, failing that, by writ of mandamus in the court of appeals. *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011); *Ybarra*, 149 S.W.3d at 148.

However, to obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

Further, it is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying the required contents for the appendix), 52.7(a) (specifying the required contents for the record).

Zepeda has failed to provide this Court with a file-stamped copy of his motion or any other documents to show that a properly filed motion for judgment *nunc pro tunc* is pending before

2

the trial court.[1]  Consequently, there is no way for us to determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge.  Even if we assume that the motion was properly filed, Zepeda has not demonstrated that the motion has been brought to the trial court's attention or that the court is aware of the motion.  *See Hearn*, 137 S.W.3d at 685 (simply filing matter with district clerk is not sufficient to impute knowledge of pending pleading to trial court).  In addition, Zepeda has failed to provide any correspondence to the district court requesting a ruling on the motion or any other document that shows that he brought the motion to the attention of the trial court.  *See id.* (mere filing of motion with trial court clerk does not constitute request that trial court rule on motion).  Finally, Zepeda has failed to provide anything indicating that the trial court has refused to rule on the motion, or failed to rule within a reasonable time.  Absent a showing that the trial court is aware of the motion, has been asked to rule on his request, and refused to do so, Zepeda has not established entitlement to the extraordinary relief of a writ of mandamus.  *See In re Salazar*, No. 03-11-00550-CV, 2011 WL 4507296, at *1 (Tex. App.—Austin Sept. 30, 2011) (mem. op., not designated for publication) (mandamus relief denied because relator failed to provide copy of motion, any correspondence to district court requesting ruling on motion, or anything indicating district court refused to rule on motion).

Furthermore, Zepeda has failed to provide this Court with any documentation to support his claim that he is entitled to presentence jail-time credit.  He failed to provide a copy of

---

[1] In support of his petition for writ of mandamus, Zepeda attached a document entitled "Motion to Enter Judgment and Sentence Nunc Pro Tunc."  However, this document is not file-marked by the district clerk.  No other document or record of proceedings is attached to or furnished in support of the petition.

3

the judgment of conviction or any record reflecting how much jail-time credit he was entitled to, if any, and how much jail-time credit he actually received, if any. Consequently, Zepeda has failed to provide a sufficient record for us to determine that he is indisputably entitled to the jail-time credit he seeks. *See In re Garza*, No. 03-11-00820-CV, 2012 WL 512678, at *3 (Tex. App.—Austin Feb. 15, 2012) (mem. op., not designated for publication) (mandamus relief denied because relator failed to provide sufficient record demonstrating indisputable entitlement to jail-time credit).

Accordingly, we deny without prejudice Zepeda's petition for writ of mandamus.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson and Goodwin

Filed:   April 25, 2012

4