TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00513-CV






In re Douglas H. Roberts






ORIGINAL PROCEEDING FROM MCCULLOCH COUNTY





M E M O R A N D U M O P I N I O N


 Relator Douglas H. Roberts, an inmate in the Texas Department of Criminal
Justice, filed a pro se petition for writ of mandamus asking this Court to compel the
Honorable Melvin Rex Emerson, Jr., presiding judge of the 198th Judicial District Court of
McCulloch County, to "process" his motion for a nunc pro tunc judgment modifying his judgment
of conviction to reflect purportedly missing presentence jail-time credit. See Tex. Gov't Code Ann.
§ 22.221 (West Supp. 2012); Tex. R. App. P. 52; see also Tex. R. App. P. 23. We deny the petition.

 A trial court is required to grant a defendant presentence jail-time credit when the
sentence is pronounced. Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West Supp. 2011); Ex parte
Ybarra, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). Thus, whenever a defendant can show
indisputably that he has been denied jail-time credit for a period of pretrial incarceration, he is
entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that,
by writ of mandamus in the court of appeals. In re Brown, 343 S.W.3d 803, 805 (Tex. Crim. App.
2011); Ybarra, 149 S.W.3d at 148.

 However, to obtain mandamus relief for the trial court's refusal to rule on a motion,
a relator must establish: (1) the motion was properly filed and has been pending for a reasonable
time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. In re
Sarkissian, 243 S.W.3d 860, 861 (Tex. App.--Waco 2008, orig. proceeding); In re Hearn,
137 S.W.3d 681, 685 (Tex. App.--San Antonio 2004, orig. proceeding). A relator must show that
the trial court received, was aware of, and was asked to rule on the motion. In re Blakeney,
254 S.W.3d 659, 661 (Tex. App.--Texarkana 2008, orig. proceeding).

 Further, it is relator's burden to properly request and show entitlement to mandamus
relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); In re Davidson, 153 S.W.3d 490, 491
(Tex. App.--Amarillo 2004, orig. proceeding); see Barnes v. State, 832 S.W.2d 424, 426 (Tex.
App.--Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus
must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must
provide the reviewing court with a record sufficient to establish his right to mandamus relief. See
Walker, 827 S.W.2d at 837; Blakeney, 254 S.W.3d at 661; see also Tex. R. App. P. 52.7(a) (relator
must file with petition "a certified or sworn copy of every document that is material to the relator's
claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying the required
contents for the appendix), 52.7(a) (specifying the required contents for the record).

 Roberts has failed to provide this Court with a file-stamped copy of his motion or any
other documents to show that a properly filed motion for judgment nunc pro tunc is pending before
the trial court. (1) Consequently, there is no way for us to determine whether the motion was properly
filed or, if it was, the date on which it was received by either the clerk's office or the judge. Even
if we assume that the motion was properly filed, Roberts has not demonstrated that the motion has
been brought to the trial court's attention or that the court is aware of the motion. See Hearn,
137 S.W.3d at 685 (simply filing matter with district clerk is not sufficient to impute knowledge of
pending pleading to trial court). In addition, Roberts has failed to provide any correspondence to the
district court requesting a ruling on the motion or any other document that shows that he brought the
motion to the attention of the trial court. See id. (mere filing of motion with trial court clerk does
not constitute request that trial court rule on motion). Finally, Roberts has failed to provide anything
indicating that the trial court has refused to rule on the motion, or failed to rule within a reasonable
time. Absent a showing that the trial court is aware of the motion, has been asked to rule on his
request, and refused to do so, Roberts has not established entitlement to the extraordinary relief of
a writ of mandamus. See In re Salazar, No. 03-11-00550-CV, 2011 WL 4507296, at *1 (Tex.
App.--Austin Sept. 30, 2011) (mem. op., not designated for publication) (mandamus relief denied
because relator failed to provide copy of motion, any correspondence to district court requesting
ruling on motion, or anything indicating district court refused to rule on motion).

 Furthermore, Roberts has failed to provide this Court with any documentation to
support his claim that he is entitled to presentence jail-time credit. He failed to provide a copy of
the judgment of conviction or any record reflecting how much jail-time credit he was entitled to, if
any, and how much jail-time credit he actually received, if any. Consequently, Roberts has failed
to provide a sufficient record for us to determine that he is indisputably entitled to the jail-time
credit he seeks. See In re Garza, No. 03-11-00820-CV, 2012 WL 512678, at *3 (Tex. App.--Austin
Feb. 15, 2012) (mem. op., not designated for publication) (mandamus relief denied because relator
failed to provide sufficient record demonstrating indisputable entitlement to jail-time credit).

 Accordingly, we deny the petition for writ of mandamus.


 __________________________________________

 Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Denied

Filed: August 21, 2012

1. In support of his petition for writ of mandamus, Roberts attached a document entitled
"Motion to Enter Nunc Pro Tunc Order." However, this document is not file-marked by the district
clerk. No other document or record of proceedings is attached to or furnished in support of
the petition.