# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00706-CV

## In re Frederico Rodriguez

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Frederico Rodriguez, an inmate in the Texas Department of Criminal Justice, filed a pro se petition for writ of mandamus asking this Court to compel the Honorable Ken Anderson, presiding judge of the 277th Judicial District Court of Williamson County, to answer his request for a nunc pro tunc judgment modifying his judgment of conviction to reflect purportedly missing presentence jail-time credit and to transmit an order to the Texas Department of Criminal Justice reflecting the missing days of credit. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); Tex. R. App. P. 52; *see also* Tex. R. App. P. 23. We deny the petition.

A trial court is required to grant a defendant presentence jail-time credit when the sentence is pronounced. Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a) (West Supp. 2012); *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004). Thus, whenever a defendant can show indisputably that he has been improperly denied jail-time credit for a period of pretrial incarceration, he is entitled to relief from the convicting court in the form of a judgment nunc pro tunc and, failing that, by writ of mandamus in the court of appeals. *In re Brown*, 343 S.W.3d 803, 805 (Tex. Crim. App. 2011); *Ybarra*, 149 S.W.3d at 148.

However, to obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

Further, it is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *Blakeney*, 254 S.W.3d at 661; *see also* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying required contents for appendix), 52.7(a) (specifying required contents for record).

Rodriguez has failed to provide this Court with a file-stamped copy of his motion or any other documents to show that a properly filed motion for judgment nunc pro tunc is pending

2

before the trial court.[1]  Consequently, there is no way for us to determine whether the motion was properly filed or, if it was, the date on which it was received by either the clerk's office or the judge. Even if we assume that the motion was properly filed, Rodriguez has not demonstrated that the motion has been brought to the trial court's attention or that the court is aware of the motion. *See Hearn*, 137 S.W.3d at 685 (simply filing matter with district clerk is not sufficient to impute knowledge of pending pleading to trial court).  In addition, Rodriguez has failed to provide any correspondence to the district court requesting a ruling on the motion or any other document that shows that he brought the motion to the attention of the trial court. *See id.* (mere filing of motion with trial court clerk does not constitute request that trial court rule on motion).  Finally, Rodriguez has failed to provide anything indicating that the trial court has refused to rule on the motion, or failed to rule within a reasonable time.  Absent a showing that the trial court is aware of the motion, has been asked to rule on his request, and refused to do so, Rodriguez has not established entitlement to the extraordinary relief of a writ of mandamus. *See In re Salazar*, No. 03-11-00550-CV, 2011 WL 4507296, at *1 (Tex. App.—Austin Sept. 30, 2011, orig. proceeding) (mem. op., not designated for publication) (mandamus relief denied because relator failed to provide copy of motion, any correspondence to district court requesting ruling on motion, or anything indicating district court refused to rule on motion).

---

[1] In support of his petition for writ of mandamus, Rodriguez attached a document entitled "Motion to Enter Judgment and Sentence Nunc Pro Tunc."  However, this document is not file-marked by the district clerk.  No other document or record of proceedings is attached to or furnished in support of the petition.

Furthermore, Rodriguez has failed to provide this Court with any documentation to support his claim that he is entitled to presentence jail-time credit. He failed to provide a copy of the judgment of conviction or any record reflecting how much jail-time credit he was entitled to, if any, and how much jail-time credit he actually received, if any. Consequently, Rodriguez has failed to provide a sufficient record for us to determine that he is indisputably entitled to the jail-time credit he seeks. *See In re Garza*, No. 03-11-00820-CV, 2012 WL 512678, at *3 (Tex. App.—Austin Feb. 15, 2012, orig. proceeding) (mem. op., not designated for publication) (mandamus relief denied because relator failed to provide sufficient record demonstrating indisputable entitlement to jail-time credit).

Accordingly, we deny the petition for writ of mandamus.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed: November 21, 2012