**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 9, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01004-CV

## IN RE JOSE JUAN AMARO, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 67083**

## MEMORANDUM OPINION

On November 12, 2013, relator Jose Juan Amaro filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable K. Randall Hufstetler, presiding judge of the 300th District Court of Brazoria County, to rule on relator's motion to set aside a default judgment filed with the trial court on or about December 31, 2012.

Mandamus relief is proper to correct a clear abuse of discretion or to compel the performance of a ministerial duty, when the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The act of a trial court considering and ruling on a motion that is properly filed and before it is a ministerial act, and, in appropriate cases, mandamus may issue to compel a trial court to act on a motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). To obtain mandamus relief based on a trial court's failure or refusal to act on a motion, the relator must show that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding).

A party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court. *Blakeney*, 254 S.W.3d at 662; *Hearn*, 137 S.W.3d at 685. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention, because the clerk's knowledge is not imputed to the trial court. *Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* Tex. R. App. P. 52.3, 52.7; *Walker* 827 S.W.2d at 837; *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003,

orig. proceeding). Here, relator attached a limited record to his petition, consisting of his motion to set aside, copies of two U.S. Postal Service return receipts, a copy of a letter addressed to the Court Coordinator of the 300th District Court, and an affidavit in support of his petition. This limited record is insufficient to establish that relator is entitled to mandamus relief.

The documents included in relator's record fail to demonstrate that his motion was brought to the attention of the trial court and the trial court failed or refused to rule. The copy of relator's motion to set aside bears a file-stamp indicating it was received by the district clerk, but since the clerk's knowledge cannot be imputed to the trial court, this document is insufficient to satisfy relator's burden. *See Blakeney*, 254 S.W.3d at 662; *Chavez*, 62 S.W.3d at 228. The copy of relator's letter to the Court Coordinator of the 300th District Court is likewise insufficient. This letter is not certified or file-stamped, and does not include any other indication on its face that it actually was received, let alone presented to the trial court. *See In re Risley*, No. 14-06-01005-CV, 2006 WL 3486823, *2 (Tex. App.—Houston [14th Dist.] Dec. 5, 2006, orig. proceeding) (mem. op.) (per curiam) (stating relator's "copies of his subsequent motions and letters to the clerk are not certified and do not reflect a file stamp; therefore, the copies do not evidence that relator made the court aware of his subsequent motions nor that he asked the court to rule and it refused"); *see also Villarreal*, 96 S.W.3d at 710 (mailing of application deemed insufficient because it did not establish, *inter alia*, "whether it was received by the district court, and the date on which it was received (assuming it was received)").

3

The two return receipts also do not provide sufficient proof of the trial court's awareness of relator's motion. One of the receipts is addressed to the Brazoria County District Clerk. Whatever may have been contained in that mailing, it would not aid relator's petition, because it would still require an impermissible imputation of knowledge from the clerk to the trial court. The other receipt is addressed to the 300th District Court. Without more, this document does not provide sufficient proof that the contents of that mailing were brought to the attention of the trial court. *See Villarreal*, 96 S.W.3d at 710. Finally, relator's affidavit merely reiterates that he mailed a copy of his motion to set aside to the Court Coordinator of the 300th District Court, but provides no proof that his motion was brought to the attention of or presented to the trial court. *See id.*

Relator has not met his burden to prove his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837. Accordingly, we deny his petition for writ of mandamus.

PER CURIAM

Panel Consists of Justices Christopher, Donovan, and Brown.

4