**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 23, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01055-CR
## NO. 14-13-01056-CR
## NO. 14-13-01057-CR

## IN RE MICHAEL DAVIS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 331288, 331289, and 331549**

## MEMORANDUM OPINION

On November 25, 2013, relator Michael Davis filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Marc Carter, presiding judge of the 228th District Court of Harris County, to rule on relator's motion to access the trial court record and written plea agreement in his underlying

criminal cases, which relator purportedly filed with the trial court on or about October 24, 2013.

Mandamus relief is proper to correct a clear abuse of discretion or to compel the performance of a ministerial duty, when the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). The act of a trial court considering and ruling on a motion that is properly filed and before it is a ministerial act, and, in appropriate cases, mandamus may issue to compel a trial court to act on a motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). To obtain mandamus relief based on a trial court's failure or refusal to act on a motion, the relator must show that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding).

A party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court. *Blakeney*, 254 S.W.3d at 662; *Hearn*, 137 S.W.3d at 685. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention, because the clerk's knowledge is not imputed to the trial court. *Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* Tex. R. App. P. 52.3, 52.7;

*Walker* 827 S.W.2d at 837; *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding).

Here, relator attached a limited record to his petition, consisting of a copy of his motion for access to the trial record and a letter addressed to the 228th District Court. These documents fail to demonstrate that his motion was brought to the attention of the trial court and the trial court failed or refused to rule. Notably, neither the motion nor the letter provided by relator is certified or file-stamped, or otherwise bears any indication on its face that it actually was received, let alone presented to the trial court. This is insufficient for relator to satisfy his burden. *See In re Risley*, No. 14-06-01005-CV, 2006 WL 3486823, *2 (Tex. App.—Houston [14th Dist.] Dec. 5, 2006, orig. proceeding) (mem. op.) (per curiam) (stating relator's "copies of his subsequent motions and letters to the clerk are not certified and do not reflect a file stamp; therefore, the copies do not evidence that relator made the court aware of his subsequent motions nor that he asked the court to rule and it refused"); *see also Villarreal*, 96 S.W.3d at 710 (mailing of application deemed insufficient because it did not establish, *inter alia,* "whether it was received by the district court, and the date on which it was received (assuming it was received)").

Relator has not met his burden to prove his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837. Accordingly, we deny his petition for writ of mandamus.

PER CURIAM

Panel Consists of Justices Christopher, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

3