**Petition for Writ of Mandamus Denied and Memorandum Opinion filed April 24, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00288-CR

### IN RE LAWRENCE EDWARD THOMPSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1370098**

---

## MEMORANDUM OPINION

On April 15, 2014, relator Lawrence Edward Thompson filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Michael McSpadden, presiding judge of the 209th District Court of Harris County, to consider and rule on two motions purportedly filed with the trial court.

To be entitled to mandamus relief with respect to a criminal law matter, relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The act of a trial court considering and ruling on a motion that is properly filed and before it is a ministerial act, and, in appropriate cases, mandamus may issue to compel a trial court to act on a motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). To obtain mandamus relief based on a trial court's failure or refusal to act on a motion, the relator must show that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding).

On the other hand, a court is not required to consider a motion not brought to its attention. *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding). Thus, a party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court. *Blakeney*, 254 S.W.3d at 662; *Hearn*, 137 S.W.3d at 685. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention, because the clerk's knowledge is not imputed to the trial court. *Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

2

To determine whether relator has met his burden, we must have a sufficient record. *Blakeney*, 254 S.W.3d at 661. Relator has not only failed to supply the motions that are the subject of this petition, in compliance with Texas Rule of Appellate Procedure 52.7(a), relator has supplied no record whatsoever. Thus, relator does not make the required showing. Tex. R. App. P. 52.3(k). Specifically, although relator asserts that he filed two separate motions and that he followed up those motions with two separate demand letters, relator does not include a copy of any of these purported documents with his petition, nor does relator provide any proof that such documents were brought to the trial court's attention. As such, relator has failed in his burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.3(k), 52.7(a); *see also Young*, 236 S.W.3d at 210; *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding).

Relator has not met his burden to prove his entitlement to mandamus relief. Accordingly, we deny his petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).