# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00444-CV

**In re Kerwin Pennick**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Kerwin Pennick, an inmate in the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.1. Pennick seeks mandamus relief from this Court to compel a district judge "to rule on his complaint to compel the Travis County Clerk to provide relator with trial records and cost of such records" from his criminal case. *See Pennick v. State*, No. 03-02-00368-CR, 2003 Tex. App. LEXIS 2331 (Tex. App.—Austin Mar. 20, 2003, no pet.) (mem. op., not designated for publication) (affirming judgment of conviction for retaliatory assault with a deadly weapon).[1]

"To be entitled to mandamus relief, the relator must show that: (1) he has no adequate remedy at law, and (2) what he seeks to compel is a ministerial act." *In re State ex rel. Tharp*, 393 S.W.3d 751, 754 (Tex. Crim. App. 2012) (citing *Bowen v. Carnes,* 343 S.W.3d 805, 810 (Tex.

---

[1] Acording to Pennick, he does not have a pending article 11.07 habeas corpus application. *See Padieu v. Court of Appeals for Fifth Dist.*, 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (concluding that courts of appeals have jurisdiction to rule on mandamus petitions relating to pending motions before trial courts "requesting access to material that could be used in a future habeas application" when there is no pending application for habeas corpus filed under article 11.07).

Crim. App. 2011)). It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

"A trial court is required to consider and rule upon a motion within a reasonable time." *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act." *Id.* To be entitled to mandamus relief in this context, the relator must show that the matter was brought to the attention of the trial court and the trial court failed or refused to rule. *Id.*

In the underlying proceeding, Pennick sought copies of his "psychiatric examination report" from his criminal case and the "total price for the requested records." Pennick attached to his petition, among other documents, (i) his request in March 2013 to the district clerk for "psychiatric records" from his criminal trial, (ii) a "motion in complaint" and a "motion for setting," both dated November 25, 2014, requesting that the district judge order the district clerk to provide Pennick with the "total price" of the requested records, and (iii) a letter addressed to the district judge and district clerk, dated May 25, 2015, requesting that the judge "resolve the matter of request of records." Even if we assume that these documents were properly filed with the district clerk and brought to the trial court's attention, however, Pennick in his petition states that the district clerk was

"told by the Honorable Judge that we are going to get these records and let the relator know the price of the records." *See id.* (requiring relator to show that trial court failed or refused to rule).

The documents attached to Pennick's petition also include copies of correspondence from the district clerk's office addressing his requests for records. The district clerk in a letter dated December 4, 2014, states that "[your] request has been received and will have to order the transcript and when the order comes in we will send you the cost for the copies" and generally advises Pennick of the cost per page for copies and the appropriate payee for checks or money orders. The district clerk's office in a handwritten note dated December 10, 2014, also states: "I have sent you back a file marked copy of what you have filed in our office. We are not clear what exact records you are requesting. Please be as specific as possible so that we can send you what you need. Thanks." Pennick has failed to provide this Court with documentation that shows that he responded to the district clerk's request for clarification of what records he is seeking. According to Pennick, his psychiatric examination was not admitted at trial in his criminal case so it is unclear what records from his criminal case pertaining to that examination would be in the district clerk's files.

Based on the record that Pennick has provided, we conclude that Pennick has failed to show his entitlement to the relief sought and deny his petition for writ of mandamus.

_____
Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed: July 31, 2015

3