**In re Roy F. HEARN.**

No. 04–03–00949–CV.

Court of Appeals of Texas,
San Antonio.

April 21, 2004.

Rehearing Overruled May 24, 2004.

Roy F. Hearn, Navasota, pro se.

Robert B. Maddox, Celamaine Cunniff, Asst. Atty. Gen. Law Enforcement Defense Division, Austin, for appellee.

Sitting: PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

Relator Roy F. Hearn, an inmate in the State penal system, filed a suit for injunction to force the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ) to provide treatment for his skin condition. The trial court ordered that Hearn pay costs of court in increments from his inmate account. In this original proceeding, Hearn brings three issues: (1) the trial court's order to pay costs; (2) the trial court's failure to rule on several pretrial motions; and (3) the trial court's failure to transfer the case back to Galveston County. We conditionally grant relief in part and order the trial court to rule on Hearn's pending motion to recuse. We deny relief regarding the order to pay costs, the merits of the motion to transfer venue, and the trial court's failure to rule on Hearn's remaining pretrial motions.

### Facts and Procedural Background

At the time the underlying lawsuit was filed on December 3, 2002, Hearn was incarcerated at the Torres Facility in Medina County. He filed his injunction suit in Galveston County.[2] On February 3, 2003, the Real Parties in Interest answered and filed a motion for transfer of venue to

2. The University of Texas Medical Branch–Correctional Managed Health Care has its principal offices in Galveston County.

Medina County. Hearn filed a response and objection to the motion, but the Galveston County district court granted the motion and signed an order transferring the case to Medina County on February 20, 2003. Hearn did not file a petition for writ of mandamus at that time.

On March 31, 2003, the trial court in Medina County signed an order for Hearn to pay $130 in court costs. The costs are

| (1) May 1, 2003 | Motion to Correct Erroneous Filing Fee |
| (2) May 1, 2003 | Objection to Supplemental Order to Assess Costs Against Plaintiff |
| (3) June 2, 2003 | Motion to Transfer Venue |

to be deducted in installments from Hearn's inmate trust account on a monthly basis until paid. On April 16, 2003, Hearn filed a motion to recuse the trial court judge. On the same day, the trial court signed a supplemental order for the payment of court costs, which does not raise the amount of fees or change the installments outlined in the first order. Thereafter, Hearn filed the following motions:

On August 7, 2003, Hearn filed a petition for writ of mandamus in this court seeking to force the trial court to rule on his pending motions. In a Memorandum Opinion, this court denied relief because there was not an adequate record, but also informed Hearn that he needed to bring his motions to the attention of the trial court. *See In re Hearn,* 04–03–00602–CV, 2003 WL 22024677, at *1 (Tex.App.-San Antonio Aug. 29, 2003, orig. proceeding). Hearn filed the present mandamus proceeding on December 29, 2003.

## Discussion

### A. The Order to Pay Costs

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992). Remedy by appeal is not inadequate merely because it involves more expense or delay than a writ of mandamus. *In re Masonite Corp.,* 997 S.W.2d 194, 199 (Tex.1999). Under the circumstances of this case, Hearn does not lack an adequate remedy by appeal of the order to pay costs.

Chapter 14 of the Texas Civil Practice and Remedies Code governs "a suit brought by an inmate in a district, county,

justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay is filed by the inmate." TEX. CIV. PRAC. & REM.CODE § 14.002 (Vernon 2002). In any instance where chapter 14 conflicts with the Rules of Civil Procedure, chapter 14 takes precedence. *See* TEX. CIV. PRAC. & REM.CODE § 14.014.

(a) A court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with [section 14.006] and Section 14.007. The clerk of the court shall mail a copy of the court's order and a certified bill of costs to the department or jail, as appropriate.

(b) On the court's order, the inmate shall pay an amount equal to the lesser of:

(1) 20 percent of the preceding six months' deposits to the inmate's trust account; or

(2) the total amount of court fees and costs.

(c) In each month following the month in which payment is made under Subsection (b), the inmate shall pay an amount equal to the lesser of:

(1) 10 percent of that month's deposits to the trust account; or

(2) the total amount of court fees and costs that remain unpaid.

*See* TEX. CIV. PRAC. & REM.CODE § 14.006. In this case, the trial court obtained a certified copy of Hearn's inmate trust account and calculated the payments according to the method set out in sections 14.006(b) and (c).

As an initial matter, we must determine whether mandamus is the proper procedure to challenge a trial court's order for payment of costs at the trial level. Hearn cites three cases in support of his mandamus claim but each of these cases involves the payment of costs on appeal.[3] In each case, mandamus was the correct method to challenge the trial court's denial of a motion to proceed without payment of costs on appeal. That rule has been changed to allow a plaintiff to appeal the order to pay costs. *See In re Arroyo,* 988 S.W.2d 737, 738–39 (Tex.1998) (trial court's order denying motion to proceed without payment of costs on appeal is subject to appeal). However, *Arroyo* and its progeny do not address whether mandamus is appropriate to challenge a trial court's order to pay court costs while the lawsuit is pending at the trial court level.

In most cases, a litigant who cannot pay court-ordered costs suffers the dismissal of his suit due to lack of prosecution. The dismissal order is a final order subject to appeal. On the appeal from the dismissal order, the appellant may bring an issue challenging the trial court's order to pay costs. Similarly, an inmate may appeal the dismissal of his lawsuit under chapter 14 and include an issue challenging the trial court's order to pay court costs. *See, e.g., Bonds v. Tex. Depart. of Crim. Jus-*

*tice,* 953 S.W.2d 233, 233–34 (Tex.1997) (reviewing erroneous order to pay costs as part of inmate's appeal from dismissal of suit as frivolous); *Diles v. Henderson,* 76 S.W.3d 807, 811 (Tex.App.-Corpus Christi 2002, no pet.) (same); *Thomas v. Knight,* 52 S.W.3d 292, 296 (Tex.App.-Corpus Christi 2001, pet. denied) (same); *Barnum v. Munson, Munson, Pierce & Cardwell,* 998 S.W.2d 284, 287 (Tex.App.-Dallas 1999, pet. denied) (same).[4]

Hearn's situation is somewhat different. His case has not been dismissed as frivolous or malicious under chapter 14, nor has it been dismissed because he has failed to pay costs. Instead, the proportionate payments ordered by the trial court pursuant to section 14.006 will allow Hearn to proceed with his case without undue burden for the payment of costs. Although Hearn may not agree that he should have to pay costs at all, he is not prevented from prosecuting his suit. At the conclusion of the suit, if he loses, he may appeal the order to pay costs. *See Bonds,* 953 S.W.2d at 233–34. If he wins at the trial level, he could be awarded reimbursement of costs. Although mandamus will afford faster relief, we hold Hearn has an adequate remedy by appeal. *See In re Masonite,* 997 S.W.2d at 199.

■ Hearn next complains the trial court failed to hold a hearing before issuing the order to pay costs. The statute does not require a hearing before the trial court rules on the payment of costs. *Cf. Diles,* 76 S.W.3d at 809–10 (trial court may dismiss under chapter 14 without hearing if the issue is a question of law). The only factual evidence necessary for the trial

---

**3.** *See Stein v. Tex. Power & Light,* 619 S.W.2d 39 (Tex.Civ.App.-Fort Worth 1981, writ ref'd n.r.e.); *Williams v. Maynard,* 515 S.W.2d 9 (Tex.Civ.App.-Austin 1974, writ dism'd); *Coleman v. Long,* 407 S.W.2d 279 (Tex.Civ.App.-Dallas 1966, no writ).

**4.** This court found no case where an inmate had been allowed to challenge a section 14.006 order to pay costs by mandamus.

court to review when setting costs under section 14.006 is the certified copy of the inmate's trust account balance. Because there are no factual issues to be determined, there is no need for a hearing.

■■■ Finally, Hearn complains that he was required to pay more than other litigants. Because the orders and circumstances of the other cases are not in the record, it is impossible to determine if other litigants filed the same type of suit in the same year and in the same type of court. Further, the trial court has discretion to impose no costs or any part of the costs up to the full amount. *See* TEX. CIV. PRAC. & REM.CODE § 14.006. We deny Hearn's petition for writ of mandamus with respect to the trial court's order to pay costs.[5]

## B. Failure to Rule on Motions

■■■ In his second issue, Hearn complains the trial court has failed to rule on his various pretrial motions. A trial court is required to consider and rule upon a motion within a reasonable time. *In re Ramirez*, 994 S.W.2d 682, 683 (Tex.App.-San Antonio 1998, orig. proceeding). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon

that motion is a ministerial act, and mandamus may issue to compel the trial judge to act." *Id.* at 683–84 (citing *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.-San Antonio 1997, orig. proceeding)). The movant must show that the matter was brought to the attention of the trial court and the trial court failed or refused to rule. *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). Merely filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *In re Heflin*, 04-03-00302–CV, 2003 WL 21012595, at *1 (Tex. App.-San Antonio, May 7, 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001, orig. proceeding). After these prerequisites are met, we have jurisdiction to direct the trial court to consider and rule on pending matters; however, we may not tell the trial court what ruling it should make. *See In re Ramirez*, 994 S.W.2d at 684; *see also Crofts v. Court of Civil Appeals*, 362 S.W.2d 101, 104 (Tex. 1962).

In his prior mandamus proceeding, Hearn made the same complaint about the trial court's failure to rule on motions. After this court issued its opinion in that proceeding, Hearn sent a "REQUEST" to

**5.** Hearn also complains the supplemental order to pay costs signed on April 16, 2003, is void because it was "filed" after the motion to recuse was filed. The order to pay costs was effective the date it was signed, even though it was not file-marked until a few days later. *See* TEX.R.APP. P. 26.1 (deadline for appeal is calculated from the date an appealable order or judgment is signed). In contrast, a motion is "filed" on the date it is received by the court. *Jamar v. Patterson*, 868 S.W.2d 318, 318 (Tex.1993). Rule 5 of the Rules of Civil Procedure is an exception to the rule in cases where a pleading is due by a specific deadline. In that case, the "mailbox rule" enlarges the time for filing because the court will deem a pleading timely filed if it is properly deposited in the United States mail on or

before the deadline. *See* TEX.R. CIV. P. 5. Rule 5 does not deem a motion filed on the date it is placed in the mail when no filing deadline is involved. Further, Hearn's assertion that he "executed" the motion on April 14 does not establish that the motion was properly placed in the United States mail on that date. *See Kinnard v. Carnahan*, 25 S.W.3d 266, 269 (Tex.App.-San Antonio 2000, no pet.) (holding that tender of pleading to prison authorities for mailing does not constitute mailing for purposes of the mailbox rule). Because there is no evidence in the record that the trial court signed the supplemental order after the motion to recuse was filed, we overrule Hearn's issue regarding the supplemental order.

the district clerk, asking that the trial court rule on his motions. The RE-QUEST looks something like a motion and it is directed to the district clerk rather than the court coordinator or the trial court. It was filed October 3, 2003. In his mandamus record, Hearn included a letter dated November 24, 2003 to the district clerk, asking that she bring his motions to the attention of the trial court and request the court to rule. Although Hearn should have directed his request for hearing directly to the trial judge or requested a hearing from the appropriate court coordinator, it is clear he attempted to comply with our directive that he bring the motions to the attention of the trial court. *See In re Hearn*, 04–03–00602–CV, 2003 WL 22024677, at *1 (citing *In re Chavez*, 62 S.W.3d at 228).

Further, the record shows that the District Clerk of Medina County routinely forwarded a notice and a copy of each pleading directly to the trial judge. Thus the trial court had notice that each of the motions had been filed. Our opinion in the prior mandamus action would also have brought the motions and Hearn's request for ruling to the attention of the trial court.

The Real Parties in Interest point out that our prior mandamus opinion issued on August 29, 2003 and rehearing was not denied until September 22, 2003. There was only a period of four months between the time the case was resolved and the date Hearn filed this mandamus on December 29, 2003. Ninety days is not necessarily too long for the trial court to delay in ruling. However, in this case, the motions had been pending two to four months before the first mandamus action was filed.

The Real Parties in Interest also note that the pending motion to recuse, filed

shortly before the other motions on which Hearn seeks a ruling, prevents the trial court from taking action until the motion to recuse is determined. This is correct. *See* TEX.R. CIV. P. 18a(c, d) (prior to any further proceedings, the trial judge shall recuse or request assignment of the motion by the presiding judge of the administrative district). The motion to recuse was filed April 16, 2003. No action was taken on the motion to recuse prior to the August mandamus action and no action has been taken since the mandamus opinion issued. The trial court has had approximately eight months to act and has not. Eight months is not a per se unreasonable delay; however, because Hearn is seeking medical attention by his lawsuit and because the trial court has had previous notice that Hearn desires a ruling on his motions, we will conditionally grant the petition as to the motion to recuse. After the trial court has resolved that motion, we are confident it will then proceed to rule on Hearn's other motions in a timely fashion.

## C. Motion to Transfer Venue

In his last issue, Hearn seeks an order from this court transferring the case back to Galveston County. The issue is premature because the trial court has not yet ruled on the motion to transfer the case. *See In re Ramirez*, 994 S.W.2d at 684 (appellate court may not direct the trial court's ruling on motion). We deny Hearn's request for relief from venue in Medina County.[6]

### Conclusion

The trial court had discretion to order the payment of court costs from Hearn's inmate account. Hearn has an adequate

---

6. In addition, Hearn should have filed his mandamus action against the Galveston County district court, the court that allegedly committed the error by transferring the case out of a county of mandatory venue.

remedy by appeal of the order therefore, writ of mandamus is not available to challenge the payment of costs. In the alternate, we hold the trial court did not abuse its discretion by ordering the payments. We conditionally grant the writ with respect to Hearn's motion to recuse the trial judge. If the trial court does not act on the motion within twenty days of the date of this opinion, we will issue the writ. All other relief is denied.