In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-005 CV


____________________



IN RE LUIS S. LAGAITE JR.






Original Proceeding






MEMORANDUM OPINION (1)


 Luis S. Lagaite Jr., an inmate in the Texas penal system, filed a petition for writ
of mandamus to compel the trial court to rule on Lagaite's pending motions. The response
filed by the real parties in interest suggests that the relator's motions would affect unserved
parties and that action on the motions would be inappropriate until service is perfected on
those parties. 

 Two of the motions, "Plaintiff's Statement of Disputed Fact issues" and
"Declaration in Support of Plaintiff's Motion for Partial Summary Judgment," appear to
require no court action. The relator complains the trial court failed to act on other motions,
as well, including the following: "Dispositive Motion for Protective Order," "Dispositive
Motion to Subpoena the Following Hostile Witnesses," "Dispositive Motion for the
Appointment of Counsel," "Dispositive Motion to Supplement Defendants," "Dispositive
Motion for Special Exception Hearing," "Robinson/Havner Hearing," and "Motion to
Compel Discovery." However, Lagaite failed to establish these motions were properly
presented to the trial court. One additional motion, Lagaite's "Dispositive Motion for
Leave to File an Amended Complaint" resembles a motion for non-suit. A litigant has an
absolute right to take a nonsuit at any time before he has introduced all of his evidence. 
Tex. R. Civ. P. 162. After reviewing the mandamus record, however, we are not
convinced that the trial court is aware of the relator's desire to non-suit some of the
defendants named in his pleadings. Merely filing a motion with the district clerk is not
sufficient to impute knowledge of the pending pleading or motion to the trial court. In re
Hearn, 137 S.W.3d 681, 685 (Tex. App.-San Antonio 2004, orig. proceeding); In re
Chavez, 62 S.W.3d 225, 228 (Tex. App.-Amarillo 2001, orig. proceeding).

 Two motions, "Motion for an Extension of Time for Requested Discoveries" and
"No Evidence Motion Under Tex. R. Civ. P. 166a(i) for Partial Summary Judgment" have
proposed orders attached to them, but the relator has not demonstrated that the trial court
abused its discretion by not ruling on the motions. The two motions are incompatible, as
a "no evidence" motion for summary judgment is appropriate only after an adequate
discovery period. Tex. R. Civ. P. 166a(i). So long as there are unserved parties
identified in the plaintiff's live pleading, the trial court could reasonably assume it would
be inappropriate to rule on a motion for summary judgment as to all defendants. 

 The relator has not presented a record which shows entitlement to the relief sought. 
Accordingly, we deny the petition for mandamus without prejudice. See Hearn, 137
S.W.3d at 685-86 (conditionally granting mandamus after relator brought motion to the
attention of the trial court.). 

 WRIT DENIED.

 PER CURIAM

Opinion Delivered April 14, 2005 

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.