# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00328-CV

**Luther Otis Foster, Appellant**

**v.**

**Comal County Sheriff, et al., Appellee**

### FROM THE COUNTY COURT AT LAW OF COMAL COUNTY
### NO. 2007CV0145, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Luther Otis Foster has filed a "Plaintiff's Motion Denying Jurisdiction of Court of Appeals [Due] to Lack of Verdict in Cited Cause." We will consider this a motion to dismiss and grant it.

According to his allegations in his pleadings in the county court at law, Foster is a state inmate who has been housed in county jails. He alleges that, when he was transferred from Bandera County to Comal County, the Comal County Sheriff's personnel removed some property from him, and did not return it when he was transferred back to Bandera County. Foster filed suit in the Comal County Court at Law, seeking return of his property, and filed an affidavit of indigency. Because Foster is an inmate, the trial court ordered him to file an Affidavit Relating to Previous Filings. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (West 2002).

Foster filed a document entitled Affidavit Relating to Previous Filings, but the trial court found it insufficient and ordered Foster to file an affidavit "in the manner and form required" by section 14.004 or his cause would be dismissed. Foster filed an Addendum to Affidavit Relating to Previous Filings. On May 9, 2007, the trial court signed an order disapproving Foster's affidavit of indigency. The order does not address anything other than the affidavit of indigency.

On May 23, 2007, Foster filed a document entitled Appeal of Order Denying Affidavit of Indigency. That same date, he wrote a letter to the trial court reiterating his claims regarding his missing property. No later-filed documents appear in the record prepared by the county clerk's office. No judgment, order of dismissal, or other document purporting to dispense with Foster's claims appears in the record, and the trial court's docket sheet does not indicate that any such judgment, order, or document was in the trial court's record at the time Foster filed the document that, based on its title, the trial clerk's office understandably treated as a notice of appeal.

In his motion filed here, Foster asserts that he did not intend to invoke this Court's jurisdiction. He asserts "that there is Lack of Jurisdiction in this cause due to 'NO VERDICT' being handed down from the Trial Court." Based on the clerk's record before us, Foster is correct. The trial court disapproved Foster's affidavit of indigency, but that order alone did not dispose of the merits of his claim. Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute expressly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 353 (Tex. 1998). While the disapproval of an affidavit of indigency may be challenged following a trial court's final disposition of a plaintiff's claim, such orders are not among the trial court rulings that are subject to interlocutory appeal. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann.

§ 51.014 (West Supp. 2006). Based on the record before us, we lack jurisdiction over this cause at this time.

In his motion filed here, Foster "respectfully requests Court of Appeals to 'Grant his Indigency' at the time of the filing of this case which is adequately addressed and displayed in his motion as ordered of him by the Trial Court in his Motion of Indigency and his Appeal of Order Disapproving Affidavit of Indigency filed 5/23/07." To the extent this is a request that this Court review the trial court's disapproval of his affidavit, we must decline because we lack jurisdiction to do so.[1]

We grant Foster's motion challenging this Court's jurisdiction. We dismiss this appeal and all related motions pending in this Court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Dismissed on Appellant's Motion

Filed: August 31, 2007

_____

[1] If Foster obtains a dismissal order from the county court, the court's disapproval of his affidavit of indigency may be challenged in an appeal from that order. *In re Hearn*, 137 S.W.3d 681, 684 (Tex. App.—San Antonio 2004, orig. proceeding) ("In most cases, a litigant who cannot pay court-ordered costs suffers the dismissal of his suit due to lack of prosecution. The dismissal order is a final order subject to appeal. On the appeal from the dismissal order, the appellant may bring an issue challenging the trial court's order to pay costs. Similarly, an inmate may appeal the dismissal of his lawsuit under chapter 14 [of the civil practice and remedies code] and include an issue challenging the trial court's order to pay court costs.")