

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-11-00400-CV**

IN RE TAURUS BROWN                                          RELATOR

----------

ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

On October 3, 2011, Relator Taurus Brown, a pro se state-prison inmate, filed in this court a "Complaint of Access to Court," which we construe as a petition for a writ of mandamus. In the petition, Brown alleges that the respondent trial court has delayed the underlying civil lawsuit by failing to enter a scheduling order or to rule on Brown's motions.

---

[1]*See* Tex. R. App. P. 47.4.

Brown sued Nathaniel Quarterman, Steven Page, Kevin Wolf, and Kevin Hoover in May 2008, alleging that he was stabbed by another inmate while being escorted through the prison. Attached to Brown's petition for writ of mandamus is a document titled "Plaintiff['s] Request for Disposition and Motion to Proceed," which Brown purportedly mailed to the trial court on May 20, 2009. In that motion, Brown requests entry of a scheduling order. However, the motion is not file-marked, and there is no indication in Brown's petition for writ of mandamus or corresponding attachments that the trial court refused to rule on the motion or that Brown even requested that the trial court rule on the motion.

Mandamus may issue to compel a trial court to rule on a motion that has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252–53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *see also In re Butts*, No. 02-06-00078-CV, 2006 WL 741556, at *1 (Tex. App.—Fort Worth Mar. 23, 2006, orig. proceeding) (mem. op.). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228.

It is the relator's burden to provide us with a sufficient record to show his entitlement to mandamus relief. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Brown has not shown a right to mandamus relief because he has not provided us with a record showing that he has brought any motion or request to the trial judge's attention or that the trial judge refused to rule on any such motion or request. We therefore deny Brown's petition for writ of mandamus.

PER CURIAM

PANEL:  GARDNER, DAUPHINOT, and MCCOY, JJ.

DELIVERED:  October 27, 2011