

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00907-CR

**IN RE** Roy L. **SMITHWICK** Jr.

Original Mandamus Proceedings[1]

PER CURIAM

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  February 5, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On December 27, 2013, relator Roy L. Smithwick, an inmate in the Texas Department of Criminal Justice-Institutional Division, filed a pro se petition for writ of mandamus complaining, in part, of the trial court's failure to rule on a separate petition for writ of mandamus and motion filed in the underlying criminal proceeding. On January 9, 2014, this court requested a response to Smithwick's petition. A response was filed on behalf of the State of Texas as the real party in interest. No response was filed on behalf of the respondent judge. Because the trial court has a ministerial duty to consider and rule upon pending motions within a reasonable period of time, we conditionally grant mandamus relief in part and direct the trial court to rule on Smithwick's pending petition and motion.

---

[1] This proceeding arises out of Cause No. 1992CRA00041-D1, styled *The State of Texas v. Roy L. Smithwick Jr.*, pending in the 49th Judicial District Court, Webb County, Texas, the Honorable Jose A. Lopez presiding.

**DISCUSSION**

Smithwick was convicted on two counts of felony murder in 1992 and sentenced to life in prison. This court affirmed his conviction on direct appeal. *See Smithwick v. State*, No. 04-92-00520-CR, 1995 WL 540279 (Tex. App.—San Antonio Sept. 13, 1995, no pet.) (not designated for publication). Smithwick has since filed multiple petitions for writs of habeas corpus, all of which have been denied.

Smithwick filed a petition for writ of mandamus in the trial court in September 2013 in which he seeks to have the Webb County district attorney ordered to comply with what Smithwick characterizes as ministerial duties. He also filed a "motion for interim action" in which he requests, among other things, that the trial court conduct an oral hearing to address his various complaints. We construe the essential complaint in Smithwick's mandamus petition filed in this court to be that the trial court has failed to rule upon his filings within a reasonable period of time. *See In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). Smithwick also requests additional specific relief from this court, none of which is appropriate for this court on mandamus review. Accordingly, we deny Smithwick's requests beyond the specific relief addressed below.

A trial court is required to consider and rule upon pending motions within a reasonable time. *Id.* "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act." *Id.* at 683-84 (citing *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding)). If a motion has been properly filed and brought to the attention of the trial court, this court may direct the trial court to consider and rule upon the motion; however, we may not tell the trial court what ruling it should make. *See Ramirez*, 994 S.W.2d at 684.

There is no dispute that Smithwick filed a mandamus petition and motion for interim action in the trial court and that the trial court has been made aware of these filings. This court requested a response to Smithwick's mandamus petition complaining of the trial court's inaction on the pending matters. The respondent judge has not provided a response or taken any action to rule on Smithwick's requests despite the filing of this mandamus petition. While we take no position as to the merits of Smithwick's claims or requests made to the trial court, the trial court has a ministerial duty to rule on pending requests which is unrelated to the viability of Smithwick's claims.

While Smithwick's requests have not been pending for what would be considered an unreasonable period of time as a matter of law, because the trial court has been made aware that Smithwick, who is incarcerated, desires a ruling and we are aware of no law which relieves the court of its duty to rule, we conditionally grant mandamus relief in part. *See In re Hearn*, 137 S.W.3d 681, 686 (Tex. App.—San Antonio 2004, orig. proceeding). We are confident the trial court will do as directed. The writ will issue only if we are notified that the trial court has failed to rule on the mandamus petition and motion for interim action currently pending before the trial court as ordered.

PER CURIAM

DO NOT PUBLISH