

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00094-CV

IN RE THEODIS DODSON                                        RELATOR

------------

ORIGINAL PROCEEDING

------------

**MEMORANDUM OPINION**[1]

------------

Relator Theodis Dodson asks this court to compel the trial court to rule on his motion for DNA testing under chapter 64 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2013).

Presentment of the motion to the trial court is a prerequisite to mandamus relief. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) ("Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal."); *In re Dodson*, No. 02-09-00190-

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

CV, 2009 WL 2138840, at *1 (Tex. App.—Fort Worth July 14, 2009, orig. proceeding). That is, the movant is required to show that the matter was brought to the attention of the trial court and the trial court failed or refused to rule. *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Merely filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). The movant must request a hearing on the motion with the trial court or otherwise bring the motion to the trial court's attention. *See id.* (stating that relator attempted to bring his motions to the trial court's attention by filing a letter with the district clerk "asking that she bring his motions to the attention of the trial court and request the court to rule").

Nothing in the record here indicates that relator's motion has been presented to the trial court. Accordingly, relator's petition for writ of mandamus is denied.

PER CURIAM

PANEL: GABRIEL, DAUPHINOT, and GARDNER, JJ.

DAUPHINOT, J., filed a dissenting opinion.

DELIVERED: April 10, 2014

2