

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00214-CV

**IN RE** Juan Miguel **MATA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice
               Jason Pulliam, Justice

Delivered and Filed: December 9, 2015

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

On April 10, 2015, relator Juan Miguel Mata, an inmate in the Texas Department of Criminal Justice-Institutional Division, filed a pro se petition for writ of mandamus complaining, in part, of the trial court's failure to rule on various motions filed in the underlying protective order proceeding. On April 29, 2015, this court issued an opinion denying Mata's request for mandamus relief. Mata filed a supplemental mandamus petition and brief on June 15, 2015. This court requested a response to Mata's supplemental petition. A response was filed on behalf of Maria Frazier as the real party in interest. No response was filed on behalf of the respondent judge. Because the trial court has a ministerial duty to consider and rule upon pending motions within a

---

[1] This proceeding arises out of Cause No. 2714, styled *In the Matter of Maria Elena Mata and Juan Miguel Mata*, pending in the County Court of Dimmit County, Texas, the Honorable Amado J. Abascal III presiding.

reasonable period of time, we conditionally grant mandamus relief in part and direct the trial court to rule on Mata's pending motions.

## DISCUSSION

An agreed protective order was entered in January 2011 restricting Mata's contact with Maria Elena Mata and his minor children, as well as other specific conduct.[2] The agreed protective order was to continue in effect until January 2013. In July 2011, Mata was convicted of assault–family violence and sentenced to five years' incarceration.[3] Because Mata's incarceration was expected to continue beyond the protective order's expiration, the Dimmit County Attorney filed a motion to extend the protective order pursuant to the Texas Family Code, which provides:

> If a person who is the subject of a protective order is confined or imprisoned on the date the protective order would expire. . . the period for which the order is effective is extended, and the order expires on: (1) the first anniversary of the date the person is released from confinement or imprisonment, if the person was sentenced to confinement or imprisonment for more than five years; or (2) the second anniversary of the date the person is released from confinement or imprisonment, if the person was sentenced to confinement or imprisonment for five years or less.

*See* TEX. FAMILY CODE ANN. § 85.025(c) (West Supp. 2015). Mata's projected release date was December 2015, so the County Attorney requested the protective order be extended for one year after Mata's release. *See id*. The trial judge signed an order extending the original agreed protective order on September 16, 2014. The extended protective order, which remains in effect at this time, is due to expire in December 2016.

The mandamus record reflects that Mata filed the following pleadings in the trial court after the extended protective order was signed: motion to amend, quash, and examine evidence related

---

[2] A final decree of divorce dissolving the marriage of Juan Miguel Mata and Maria Elena Mata was signed on September 19, 2012, in Cause No. 12-02-11581-DCVAJA, styled *In the Matter of the Marriage of Maria Elena Mata and Juan Miguel Mata and In the Interest of B.M.M., M.M.M. and J.M.M. Jr., Minor Children*, in the 365th Judicial District Court, Dimmit County, Texas.

[3] Conviction was entered in Cause No. 10-02-02549-DCRAJA, styled *The State of Texas v. Juan Miguel Mata*, in the 365th Judicial District Court, Dimmit County, Texas.

to the protective order (file-stamped November 3, 2014); objection to agreed protective order (file-stamped February 10, 2015); "motion to appeal" (file-stamped April 14, 2015); and motion to sign order (file-stamped May 15, 2015). Between January and April 2015, Mata directed at least four letters to the trial court requesting that his motions be submitted to the trial judge for consideration and ruling.[4]

Mata filed his first petition for writ of mandamus in this court in April 2015 which did not include copies of any of his motions or any mandamus record establishing his right to relief. *See* TEX. R. APP. P. 52.3(k), 52.7 (requiring relator to file a certified or sworn copy of any document showing the matter complained of in mandamus proceeding). This court denied mandamus relief on April 29, 2015. Mata then filed a supplemental mandamus petition with a brief and exhibits in June 2015. After issuing an order requesting a response to the supplemental mandamus petition, this court received an order of voluntary recusal from the respondent trial judge. A second order requesting response was issued in August 2015 and forwarded to the parties and the appropriate assigned trial court judge. A response was filed on behalf of Maria Frazier (formerly Maria Elena Mata). No response was received on behalf of the respondent judge. Mata has also filed a motion for temporary relief and a motion to contest the voluntary recusal in this court, both of which have been denied.

We construe the essential complaint in Mata's supplemental mandamus petition to be that the trial court has failed to rule upon his pending motions within a reasonable period of time. *See In re Ramirez*, 994 S.W.2d 682, 683 (Tex. App.—San Antonio 1998, orig. proceeding). Mata also

---

[4] File-stamped copies of four letters are contained in the mandamus record in this court. We note that the issuing court retains the power to modify an existing protective order upon notice and hearing. *See* TEX. FAM. CODE ANN. §§ 85.025(b), 87.001 (West 2014 & Supp. 2015); *B.C. v. Rhodes*, 116 S.W.3d 878, 881 (Tex. App.—Austin 2003, no pet.).

requests additional specific relief from this court, none of which is appropriate on mandamus review. Accordingly, we deny Mata's requests beyond the specific relief addressed below.

A trial court is required to consider and rule upon pending motions within a reasonable time. *Id*. "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act." *Id*. at 683-84 (citing *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding)). If a motion has been properly filed and brought to the attention of the trial court, this court may direct the trial court to consider and rule upon the motion; however, we may not tell the trial court what ruling it should make. *See Ramirez*, 994 S.W.2d at 684.

There is no dispute that Mata filed the above-referenced motions in the trial court and that the trial court has been made aware of these filings. This court requested a response to Mata's supplemental mandamus petition complaining of the trial court's inaction on the pending matters. The respondent judge has not provided a response or taken any action to rule on the pending motions despite the filing of this mandamus petition. While we take no position as to the merits of Mata's motions or requests for relief in the trial court, the trial court has a ministerial duty to rule on pending motions which is unrelated to the viability of the movant's claims.

While Mata's requests may not have been pending for what would be considered an unreasonable period of time as a matter of law, because the trial court has been made aware that Mata, who is incarcerated, desires a ruling and we are aware of no law which relieves the court of its duty to rule, we conditionally grant mandamus relief in part. *See In re Hearn*, 137 S.W.3d 681, 686 (Tex. App.—San Antonio 2004, orig. proceeding) (where record shows movant has made reasonable efforts to bring motions to court's attention, mandamus granted even if no per se unreasonable delay). We are confident the trial court will do as directed. The writ will issue only

if we are notified that the trial court has failed to rule on the pending matters as ordered by this court.

PER CURIAM