15, 251-20

Jimmy Lee Sweed
Travis State Jail
8101 FM 969
Austin, Texas, 78724

December 22, 2015

Abel Acosta, Clerk
Court Of Criminal Appeals Of Texas
P.O. Box 12308 Capitol Station
Austin, Texas, 78711

Original Copy

RE: Writ no. _____
TR. Ct no. 69262

Dear Ms. Abel
        Enclosed please find the original copy of Relator first petition for a writ of mandamus And the original Copy of his Application to proceed in forma pauperis And a copy of the Opinion of the Eighth Court of Appeals of Texas denying Relator's petition for writ of mandamus filed in that court. By copy of this letter, I, Relator, is forwarding only a true and correct copy of his writ of mandamus to the Attorney General of Texas.
        Thank you sincerely

Respectfully Submitted

Jimmy Lee Sweed
Relator PRO SE

...cument contains some
that are of poor quality
...me of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 28 2015

Abel Acosta, Clerk

Relator Application To Proceed In
Forma Pauperis

(1). I have no money

(2). I have a checking account but I believe that I don't have money in my account

(3). I don't have any property or real property of any kind

(4). I don't have a spouse or any other family member or friends to support me

(5) I have not received within the last 12 months any money or ~~in~~ gifts from any business, profession or any other sources.

    I swear under penalty of perjury that my statements stated above are true and correct to the best of my knowledge.

December 22, 2015

Jimmy Lee Sweed
Travis State Jail
8101 Fm 969
Austin, Texas, 78724

Original Copy

In The Court Of Criminal Appeals Of Texas

In Re Relator-Jimmy Lee Sweed
AKA. James Lee Sweed

## Relator First Petition For A Writ Of Mandamus

To the Honorable Judge of said court:

Comes now Relator-Jimmy Lee Sweed And move the court to issue the writ of mandamus ordering the trial court order judgment, court void order (judgment) in cause number 69262 to be set aside after the trial court and the Appeals Court of Appeals of Texas At El Paso refuse to do so on December 11, 2015 in Appeal no. 08-15-00341-CR And As such Relator would respectfully show the court the following:

## I.
## Jurisdiction:

The Texas Court of Criminal Appeals has jurisdiction under Article 5, Section 5 of the Texas Constitution to consider the application for issuance of the writ of mandamus And prohibition sought by Relator. See generally Vance vs. Routt, 571 S.W. 2d 845 (Tex. Cr. App. 1978) (Onion P. J. dissent) Texas law has long held that mandamus will issue where the trial courts order is void and that it is unnecessary for a Relator to pursue other available remedies. See Buttery vs. Betts, 422 S.W 2d 149, 161 (Tex. 1967); Amateur Athletic foundation vs. Huffman, 843 S.W. 2d 602, 603 (Tex. App.-Dallas 1994, Orig proceeding). In the case at bar, the trial court order

~~Judgment~~ judgment in cause number 69262 is void because the case consist of a aggravated assault conviction ~~a~~ judgment under ~~but~~ a contract(plea agreement enter between both parties Attorney's under section 22.02 of the Texas Penal Code Annotated (Vernon's 1993). See the court document title as "Judgment On Plea Of Guilty Before Court Waiver Of Jury Trail" in cause no. 69262 which is showing that Relator suppose to had confessed to the aggravated assault offense and that there was no finding on use of a deadly weapon. It has been held in fact of law that court failure to make affirmative deadly weapon finding in judgment of conviction for aggravated assault following plea agreement did not render judgment and sentence void. See Hoang vs. State, 2004 WL 1472221(App. 5 Dist. 2004). This is true because a trier of fact makes an affirmative finding that a deadly weapon was used or exhibit when it finds the defendant guilty as charged in the indictment and the indictment alleged the use of a deadly ~~w~~ weapon. See Davis vs. State, 897 S.W.2d 791,793(Tex. Crim. App. 1995), Edwards vs. State, 21 S.W.3d 625,627(Tex. App.- Waco 2000). no pet.) Cited from Bell vs. State, 169 S.W.3d 384 At ___(Tex. App. 2 Dist. 2005). In the case at bar, the only reason why the judgment does not contain a finding on use of a deadly weapon is because the deadly weapon issue was ~~to~~ droped (dismissed (dismissed) from the case under the parties Attorney's said agreement entered on the date of trial held on November 1, 1993 prior to Relator plea having been entered. See such term of the agreement being set forth in Exhibit "B" showing the deadly weapon issue being droped

prior to relator plea having been entered attached to the said judgment stated on page 2 at volume 6-7 of this petition. Also see around about page 22-23 at volume 22-23 of the transcript title as "Guilty Plea And Assessment Of Punishment" in cause ~~number mu~~ number 69262 where it is showing that the judge, Judge Paxson verbally interlineated paragraph one of the indictment dropping the allegations relating to the use of a deadly weapon alleged in paragraph one of the indictment prior to relator plea having been entered in compliance with the parties Attorney's said agreement. Judge Paxson interlineation of paragraph one of the indictment incorporated into the court Records "transcript" constitute an amendment of the indictment and the amended indictment became the official indictment in that cause of action. See Riney vs. State, 28 S.W. 3d 561, 566 (Tex. Crim. App. 2000). Since the amended indictment is not labeling the alleged instrument "Rock" as deadly weapon in compliance with the parties Attorney's said agreement than the only ~~also~~ possible offense which that the amended indictment could be charging is the Assault (simple Assault) offense under section ~~22.02~~ 22.01 (a) (2) of the Texas Penal Code Annotated 1993 version. Compare Garrett vs. State, 619 S.W. 2d 172 (Tex. Crim. App. 1981), or Terroristic threat offense. See Redfearn vs. State, 738 S.W. 2d 28 (Tex. App.-Texarkana 1987). And the amended indictment is what Relator plead guilty to. Tr., Id. But the trial court forged and falsified the court said document to say that Relator confessed to ~~the aggravated assault~~ an aggravated assault offense

When there wasn't any aggravated assault offense that existed after the essential element ~~to wit: use of a deadly weapon of the offense to wit: use of a deadly~~ of the offense to wit: use of a deadly weapon was dropped from the case prior to Relator plea having been entered as stated on page 2 at volume 23-30 And on page 3 at volume 1-28 of this petition. The other essential element that constitute an offense of aggravated assault is "serious bodily injury". See Section 22.02(a)(1) of the Texas Penal Code. But the State district attorney" Ms. Lori Swopes say that there wasn't any injuries to this ~~incident~~ incident. See "Transcript"(Tr.), Id. Stated on page 3 at volume 3-5 of this petition.

Therefore, the trial court order (judgment) ~~finding Re~~ convicting Relator of aggravated assault assault without the offense essential elements to wit: (1) use of a deadly weapon, and (2) serious bodily injury is constitutionally void because to gain a conviction for aggravated assault the State under the due process clause of the 14th Amendment to the United States Constitution ~~to~~ was require to prove either one of those elements of the offense ~~not~~ beyond a reasonable doubt. See In re Winship, 397 US 358, 90 S.ct 1068 (1970); United State v.s. Gaudin, 515 US 506, 510, 113 S.ct. 2310 (1995), Sullivan v.s. Louisiana, 508 US 275, 113 S.ct. 2078 (1993). Also see Villafuro v.s. State, 897 S.W. 2d 943 (App. 7 Dist. 1995); Underwood v.s. State 240 S.W. 2d 349 (Cr. App. 1922) 91 Tex. Crim 543, Banargent v.s. State, 228 S.W. 3d 393 (App. 14 Dist. 2007). And Relator move this Court of criminal Appeals to issue the writ of mandamus ~~and~~ ordering that said void judgment in cause no. 69262

to be set aside after this court find the judgment to be void as well otherwise, relator would continue to suffer severe and serious consequences such as being deny ~~lowe~~ lowe housing income provided by lowe income housing government Authority in El Paso County, Texas and other County throughout Texas and other state, And consequences such as being deny certain job placement And life endangerment of receiving a life sentence in prison ~~beha~~ behind the void ~~ta~~ judgment being use as an ~~enha~~ enhancement of punishment of an instant offense and ~~used for the other~~ being used to deny relator of the other purposes as well stated above And the void judgment have other severe and serious consequence on relator life as well. Further, relator also ask the court to order the original ~~and~~ copy of the indictment in cause number 69262 to be remove from the active files of the district office after find that that indictment was ~~Amen~~ Amended And that the amended indictment became the official indictment in that cause of action As stated on page 3 At volume 12-17 of this petition.

Wherefore, premises considered, relator prays that the court grant ~~do~~ And issue the writ of mandamus And all other And further relief by which relator may just And rightfull be entitled to.

Respectfully Submitted

Jimmy Lee Sweed
8101 Fm 969
Austin, Texas, 78724
Travis State Jail

## Certificate of Service

I hereby certify that the original copy of a Relator first petition for a writ of ~~mr~~ Mandamus was mail to Abel Acosta, Clerk, Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Station, Austin, Texas, 78711 On this ~~22nd~~ 22nd day of ~~Decem~~ December, 2015 by first class mail of the United States.

_Jimmy Lee Sweed_
Jimmy Lee Sweed
Relator

## Sworn Affidavit

I ~~swer~~ Swear under penalty of perjury that the the allegations in the petition are true and ~~correct~~ correct to the best of Relator knowledge

_Jimmy Lee Sweed_
Jimmy Lee Sweed
Relator



# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS

**CHIEF JUSTICE**
Ann Crawford McClure

**JUSTICES**
Yvonne T. Rodriguez
Steven L. Hughes

EL PASO COUNTY COURTHOUSE
500 E. SAN ANTONIO AVE., SUITE 1203
EL PASO, TEXAS 79901-2408
(915) 546-2240   FAX (915) 546-2252
WWW.TXCOURTS.GOV/8THCOA.ASPX

**CLERK**
Denise Pacheco

Friday, December 11, 2015

The Honorable Yvonne Rangel
Judge, 171st District Court
500 E. San Antonio
El Paso, TX 79901
\* DELIVERED VIA E-MAIL \*

✓ Jimmy Lee Sweed
ID # 1967298
Travis State Jail
8101 FM 969
Austin, TX 78724

Hon. Jaime E. Esparza
District Attorney
El Paso County Courthouse
500 E. San Antonio, Suite 201
El Paso, TX 79901
\* DELIVERED VIA E-MAIL \*

RE:   Court of Appeals Number:   08-15-00341-CR
      Trial Court Case Number:   69262

Style:  In Re: Jimmy Lee Sweed


        The Honorable Court of Appeals today rendered its opinion denying Relator's petition for writ of mandamus, in accordance with the opinion of this Court. (OPINION AND JUDGMENT ENCLOSED).

                                    Respectfully yours,

                                    DENISE PACHECO, CLERK



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                             |   |                       |
|-----------------------------|---|-----------------------|
| IN RE: JIMMY LEE SWEED,     | § | No. 08-15-00341-CR    |
|                             | § | ORIGINAL PROCEEDING   |
| Relator.                    | § | ON PETITION FOR WRIT OF |
|                             | § | MANDAMUS              |

## J U D G M E N T

The Court has considered this cause on the Relator's petition for writ of mandamus against the Honorable Bonnie Rangel, Judge of the 171st District Court of El Paso County, Texas, and concludes that Relator's petition for writ of mandamus should be denied. We therefore deny the petition for writ of mandamus, in accordance with the opinion of this Court.

IT IS SO ORDERED THIS 11TH DAY OF DECEMBER, 2015.

STEVEN L. HUGHES, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: JIMMY LEE SWEED, | § | No. 08-15-00341-CR |
| Relator. | § | ORIGINAL PROCEEDING |
| | § | ON PETITION FOR WRIT OF |
| | § | MANDAMUS |

## MEMORANDUM OPINION

Relator, Jimmy Lee Sweed, has filed a petition for writ of mandamus against the Honorable Bonnie Rangel, Judge of the 171st District Court of El Paso County, Texas, alleging that Respondent has not ruled on a post-conviction motion filed in cause number 69262. We deny mandamus relief.

To be entitled to mandamus relief, a relator must meet two requirements. First, the relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id.* at 135-36. Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex.App.--El Paso 2006, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex.App.--San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been

pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Shredder Co.*, 225 S.W.3d at 679; *Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228. Relator has failed to establish that he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

                                                    STEVEN L. HUGHES, Justice

December 11, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)