

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00756-CR

In re Hisidoro D. **RAMON, Jr.**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  December 7, 2016

PETITION FOR WRIT OF MANDAMUS DENIED

On November 18, 2016, relator Hisidoro D. Ramon, Jr. filed a petition for writ of mandamus, complaining of the trial court's failure to rule on his pro se motion seeking certain documents and evidence stemming from his prior criminal case. To be entitled to mandamus relief compelling a trial court to rule on a properly filed motion, a relator must establish that the trial court (1) had a legal duty to rule on the motion, (2) was asked to rule on the motion, and (3) failed to rule on the motion within a reasonable period of time. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). A relator must file with his mandamus petition a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. TEX. R. APP. P. 52.7(a)(1), 52.3(k)(1)(A).

---

[1]This proceeding arises out of Cause No. B15-33, styled *State of Texas v. Hisidoro D. Ramon, Jr.*, filed in the 198th Judicial District Court, Kerr County, Texas, the Honorable M. Rex Emerson presiding.

Here, relator has failed to establish that he is entitled to mandamus relief. Attached to relator's petition are copies of relator's motion and three letters to the trial court clerk. However, the mandamus record fails to show that relator's motion was in fact filed with the trial court clerk.[2] Furthermore, the mandamus record fails to show that the trial court was ever asked to rule on relator's motion or made aware of the motion. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) ("The [relator] must show that the matter was brought to the attention of the trial court and the trial court failed or refused to rule."); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, original proceeding) ("[W]e know of no rule which imputes the clerk's knowledge to the trial court. Thus, it would be incumbent upon [relator] to illustrate that the clerk informed the trial court of the motion or that the trial court otherwise obtained knowledge of it."). Because relator has failed to establish that he is entitled to mandamus relief, his petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

Finally, relator moved for leave to file his petition for writ of mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file his petition for writ of mandamus is denied as moot.

PER CURIAM

DO NOT PUBLISH

---

[2]Additionally, only one of the letters to the trial court clerk bears a file stamp indicating the letter was filed. In this letter, relator asks the trial court clerk to file his notice of intent to file a petition for writ of mandamus and to bring the notice to the trial court's attention.