

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00814-CR

**IN RE** Matthew Paul **SURBER**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: November 7, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

Relator filed a petition for writ of mandamus complaining the trial court has refused to rule on his motion for nunc pro tunc requesting jail-time credit.

To establish a right to mandamus relief in a criminal case, the relator must show the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule on a properly-filed and timely-presented motion. *See In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

However, a relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* Tex. R. App. P. 52.7(a)(1) (requiring relator to file "a

---

[1] This proceeding arises out of Cause No. 13-0772-CR-A #4, styled *The State of Texas v. Matthew Paul Surber*, pending in the 2nd 25th Judicial District Court, Guadalupe County, Texas, the Honorable W.C. Kirkendall presiding.

certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). In a case such as this one, a relator has the burden to provide the court of appeals with a record showing the trial court was made aware of the motion at issue and that such motion has not been ruled on by the trial court for an unreasonable period of time. *See In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.—San Antonio 2008, orig. proceeding).

Attached to relator's petition is a copy of a May 4, 2018 file-stamped copy of relator's Motion for Nunc Pro Tunc. However, the mandamus record does not contain copies of any letters sent to the trial court or the appropriate court coordinator asking the trial court to rule on his pending motion. Relator must show the matter was brought to the attention of the trial court. *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *see also In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding) (conditionally granting petition for writ of mandamus where record reflected relator filed motion and called motion to court's attention by letter). "Merely filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court." *Hearn*, 137 S.W.3d at 685. Because relator has not demonstrated the trial court is aware of his pending motion, we must deny his petition.

PER CURIAM

Do not publish