

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00041-CR

**IN RE** Gustavo Sanchez **MARTINEZ**

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice

Delivered and Filed: July 19, 2023

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND DISMISSED IN PART

Relator is a noncitizen who was arrested under Operation Lone Star, processed, and released on bond. After his bonded release, relator was removed from the country. Following his removal, relator filed a petition for writ of mandamus arguing the trial court failed to rule on two of his filings—his application for writ of habeas corpus and his motion for continuance. Relator also filed a motion to stay the underlying proceeding pending our final resolution of his mandamus petition, which we granted in part by staying all pretrial settings requiring relator's in-person appearance and his January 23, 2023 trial setting.[2]

---

[1] This proceeding arises out of Cause No. 13061CR, styled *State of Texas v. Gustavo Sanchez Martinez*, pending in the County Court, Kinney County, Texas, the Honorable Todd Alexander Blomerth presiding.
[2] Our stay order issued on January 13, 2023.

A trial court has a ministerial duty to rule on a properly filed and timely presented motion. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a filing "is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that [filing] is a ministerial act, and mandamus may issue to compel the trial judge to act." *In re Mendoza*, 131 S.W.3d 167 (Tex. App.—San Antonio 2004, orig. proceeding). "However, the trial court has a reasonable time within which to perform this ministerial duty." *Id*. "Accordingly, if a court unnecessarily delays ruling, mandamus will lie in appropriate situations." *Id.* Nevertheless, a reviewing court may not use mandamus relief to direct the trial court to rule in a particular way. *See Young*, 236 S.W.3d at 210 ("While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to rule a certain way on that motion.") (citation omitted). That is, we, as a reviewing court, may not review and rule on the underlying merits of relator's filings. *See id.*; *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding) (noting after the failure to rule elements are satisfied, this court has "jurisdiction to direct the trial court to consider and rule on pending matters; however, we may not tell the trial court what ruling it should make."). Rather, this court may only review whether (1) relator properly filed his habeas application and motion for continuance, (2) the trial court is aware of relator's filings, and (3) the trial court has refused to rule or failed to rule after an unreasonable time period. *See id*.

On September 30, 2022, relator filed his application for writ of habeas corpus seeking discharge and dismissal of his underlying case based, in part, on equal protection principles. On January 9, 2023, the trial court emailed relator notifying him that he was ordered to appear in-person on January 17, 2023 for a pretrial setting. Two days later, on January 11, 2023, relator filed a motion to continue, seeking to continue the January 17 pretrial setting until the trial court ruled

on his habeas application or, in the alternative, waive the requirement of his in-person appearance at the hearing. On January 12, 2023, as he did not receive a ruling on either his habeas application or motion for continuance, relator filed his mandamus petition.

Although we stayed proceedings in the underlying matter requiring the in-person attendance of relator, our stay order expressly noted that any pretrial settings not requiring relator's in-person appearance may proceed. Despite being able to rule on relator's habeas application, the trial court has failed to do so. We hold, under these facts, that the trial court has failed to rule on relator's habeas application after an unreasonable time period. *See Young*, 236 S.W.3d at 210; *Hearn*, 137 S.W.3d at 685–86 (holding, while not unreasonable as a matter of law, eight months without a ruling was unreasonable where the underlying motion sought medical treatment); *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.—Amarillo 2003, orig. proceeding) (opining what constitutes a reasonable time is "dependent upon the circumstances of each case" as there are "no bright line demarcates [on] the boundaries of a reasonable time period.").

Finally, because of the stay granted by this court, relator's complaint about his required in-person attendance at the January 17, 2023 pretrial hearing is moot. *See In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (holding mandamus petition was moot where relator received relief sought). We, therefore, conditionally grant in part and dismiss in part relator's petition for writ of mandamus. The stay imposed on January 13, 2023 is lifted.

PER CURIAM

DO NOT PUBLISH