

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00089-CV

---

In re: Victor Gonzalez, Relator

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator Victor Gonzalez, who is representing himself, filed this mandamus action against the Honorable Kirsten B. Cohoon, presiding by assignment in the 383rd Judicial District Court of El Paso County, Texas. Gonzalez complains of the trial court's alleged "continuing failure to set and rule (or issue a written submission order) on safety-critical matters while enforcing a compressed scheduling-order posture with imminent deadline clusters and a March 16, 2026 special setting [in] Cause No. 2020DCM0806." According to Gonzalez, "the urgent issue is the ongoing refusal to set/rule under a deadline-trap posture that creates waiver risk and irreparable prejudice."

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). Mandamus may issue to compel a trial court to rule on a motion when it refuses to rule within a reasonable amount of time. *In re Hudspeth Cnty.*, No. 08-21-00169-CV, 2021 WL 5078823, at *3 (Tex. App.—El Paso Nov. 2, 2021, no pet.) (mem. op.). To obtain such relief, the relator must establish that (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling; and (3) the trial court refused to rule. *In re Shredder Co. L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

What "a reasonable amount of time" is depends on the circumstances of each case. *See Hudspeth Cnty.*, 2021 WL 5078823, at *3 (conditional grant of mandamus relief after 14 months pending, nine months after supplemental briefing, and four requests); *see also Shredder Co.*, 225 S.W.3d at 679–80 (conditional grant of mandamus after six months pending, three hearings, and three requests). Factors in weighing the reasonableness of time in ruling on a motion may include its seriousness and complexity, the court's actual knowledge of the motion, the length of time it has been pending, the imminence of any trial setting, the court's overt refusal to act, the state of the trial court's docket, the existence of judicial and administrative matters which the trial court must first address, and the court's inherent power to control its docket. *Hudspeth Cnty.*, 2021 WL 5078823, at *3.

Here, Gonzalez identifies neither any specific substantive motion that has not been heard

and decided, nor what steps he took to obtain a hearing and decision and when he took such steps.[1] Nor does he indicate what "safety-critical matters" are at issue. Further, Gonzalez does not indicate what he contends he is at risk of waiving or how he contends he will be irreparably prejudiced if this case proceeds to a trial on the merits under the current scheduling order and trial setting.

After carefully reviewing the mandamus petition and record, we conclude that Gonzalez has not established that he is entitled to relief. Accordingly, we deny the petition for writ of mandamus and emergency motion for temporary relief. *See* Tex. R. App. P. 52.8(a).


LISA J. SOTO, Justice

February 18, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[1] We acknowledge that Gonzalez attaches documents he filed in the trial court between February 11 and 13, 2026, which include requests to postpone the trial setting and related deadlines, and complaints that the trial court has not ruled on unspecified urgent matters. But the filings reflect the same lack of specificity as the mandamus petition request itself.