# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00130-CV

---

**In re Perry Wiley**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Perry Wiley, an inmate in the Texas Department of Criminal Justice, has filed a petition for writ of mandamus complaining of the district court's refusal to rule on two pending motions in either or both of cause numbers D-1-DC-17-202954 and D-1-DC-17-202955, viz., a "a "writ of liberare" and a "motion for judgment as a matter of law." Relator Wiley alleges that no action has been taken on the pending motions more than 10 and 35 days after filing, respectively.

To the extent that Wiley seeks mandamus relief against the Travis County district clerk or the Texas Department of Criminal Justice, we have no jurisdiction to grant Wiley relief. This Court's mandamus jurisdiction is expressly limited to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code § 22.221. Thus, we have no jurisdiction to issue a writ of mandamus against the district clerk or the Texas Department of Criminal Justice, unless necessary to enforce our jurisdiction. *See id.* Wiley has not demonstrated

that the exercise of our writ power against the district clerk or the Texas Department of Criminal Justice is necessary to enforce our jurisdiction.

To the extent Wiley seeks relief against the refusal by the district court to respond to his submissions, this Court has jurisdiction to hear that matter, but it is the relator's burden to properly request and establish entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Roberts*, No. 03-12-00513-CV, 2012 Tex. App. LEXIS 7134, at *2 (Tex. App—Austin Aug. 21, 2012, orig. proceeding) (mem. op.); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). "In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief." *Roberts*, 2012 Tex. App. LEXIS 7134, *3 (citing *Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding)); *see also* Tex. R. App. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Wiley, however, has not provided this Court with any copies of his motions or any other documents, let alone file-stamped copies to show that a properly filed motion is pending before the trial court.

Further, to obtain mandamus relief based on a trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *Roberts*, 2012 Tex. App. LEXIS 7134, *2 (citing *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681,

2

685 (Tex. App.—San Antonio 2004, orig. proceeding)). "A relator must show that the trial court received, was aware of, and was asked to rule on the motion." *Id.* (citing *Blakeney*, 254 S.W.3d at 661). In this proceeding, even if we assume that the motions attached to his petition were filed with the district clerk, Wiley has not demonstrated that the motions were brought to the trial court's attention or that the trial court is aware of the motions. "Merely filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court." *Hearn*, 137 S.W.3d at 685.

Based on the record that Wiley has provided, we conclude that he has failed to show his entitlement to mandamus relief. Accordingly, we deny his petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Edward Smith, Justice

Before Justices Baker, Kelly, and Smith

Filed: March 17, 2023