# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00112-CV

---

**In re Martin Cuellar**

---

### ORIGINAL PROCEEDING FROM COMAL COUNTY

---

## MEMORANDUM OPINION

Relator Martin Cuellar, an inmate in the Comal County Jail, has filed a *pro se* petition for writ of mandamus complaining of the district court's alleged refusal to rule on a *pro se* motion for examining trial in cause number CR2023-753B. Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

To obtain mandamus relief for a trial court's refusal to rule on a motion, a relator must establish that (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Roberts*, No. 03-12-00513-CV, 2012 WL 3629367, at *1 (Tex. App.—Austin Aug. 21, 2012, orig. proceeding) (mem. op.) (citing *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *see also In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)). A relator must show that the trial court received, was aware of, and

was asked to rule on the motion. *Id.* (citing *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding)).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661–62; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.7(a) (specifying required contents for record), 52.3(k) (specifying required contents for appendix).

Cuellar contends that the motion for examining trial was filed on or around May 23, 2023, and that the trial court had failed or refused to rule on the motion as of January 3, 2024, the date Cuellar alleges that he was "arrested via capias warrant and indicted." Cuellar has failed to provide this Court with a file-stamped copy of the motion for examining trial or any other documents to show that it is pending before the trial court. Consequently, there is no way for us to determine whether the motion was properly filed or, if so, the date on which it was received by the clerk's office. Assuming the motion was properly filed, Cuellar has not demonstrated that the motion was brought to the trial court's attention or that the trial court is aware of the motion. *See In re Hearn*, 137 S.W.3d at 685 (holding that simply filing matter with district clerk is not sufficient to impute knowledge of pending pleading to trial court); *see also*

*In re Sarkissian*, 243 S.W.3d at 861 (mere filing of motion with trial-court clerk does not constitute request that trial court rule on motion).

Absent a showing that the trial court is aware of the motion, has been asked to rule on the motion, and has refused to do so, Cuellar has not established entitlement to the extraordinary relief of a writ of mandamus. *See In re Lucio*, No. 03-12-00056-CV, 2012 WL 593533, at \*2 (Tex. App.–Austin Feb. 23, 2012, orig. proceeding) (mem. op.) (mandamus relief denied because relator failed to provide copy of motion, any correspondence to district court requesting ruling on motion, or anything indicating district court refused to rule on motion). Accordingly, we deny the petition for writ of mandamus. See Tex. R. App. P. 52.8.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Filed: February 23, 2024