# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00118-CV

### In re Phillip "Baby Shark" Scott

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Phillip "Baby Shark" Scott, an inmate in the Comal County Jail, has filed a *pro se* petition for writ of mandamus identifying as respondents the 22ⁿᵈ and 207ᵗʰ Judicial District Courts and complaining of the district courts' alleged refusal to rule on a number of *pro se* motions in cause number CR2023-382, including a motion to dismiss the underlying criminal matter apparently filed on June 9, 2023. Scott asks us to "compel performance of duties" by the district courts, directing the courts to rule on the pending motions. Having reviewed the petition and the record provided, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

To obtain mandamus relief for a trial court's refusal to rule on a motion, a relator must establish that (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Roberts*, No. 03-12-00513-CV, 2012 WL 3629367, at *1 (Tex. App.—Austin Aug. 21, 2012, orig. proceeding) (mem. op.) (citing *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco

2008, orig. proceeding); *see also In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding)). A relator must show that the trial court received, was aware of, and was asked to rule on the motion. *Id.* (citing *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding)).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661–62; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.7(a) (specifying required contents for record), 52.3(k) (specifying required contents for appendix).

In support of his petition, Scott attaches an unsworn record including what appears to be copies of various trial court submissions on which he now alleges refusal to rule, some of which—though not certified as required by Rule 52.7—appear to bear the file stamp of the district clerk. Assuming the motions were properly filed, Scott has not demonstrated that the motions in question were brought to the trial court's attention or that the trial court is aware of the motions. *See In re Hearn*, 137 S.W.3d at 685 (holding that simply filing matter with district clerk is not sufficient to impute knowledge of pending pleading to trial court); *see also In re*

2

*Sarkissian*, 243 S.W.3d at 861 (mere filing of motion with trial-court clerk does not constitute request that trial court rule on motion).

Scott has not provided this Court with a sworn record or certified copies of correspondence from Scott addressed directly to the trial judge (or appropriate court coordinator) of either court expressly requesting a hearing on the pending motions. We therefore conclude that, based on the record provided, Scott has failed to show his entitlement to mandamus relief. Accordingly, we deny his petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Filed: February 27, 2024