

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00271-CR

**IN RE** Raymond Andrew **DEBA,** Relator

Original Proceeding[1]

PER CURIAM

Sitting:     Rebeca C. Martinez, Chief Justice
            Patricia O. Alvarez, Justice
            Irene Rios, Justice

Delivered and Filed: June 12, 2024

PETITION FOR WRIT OF MANDAMUS DENIED WITHOUT PREJUDICE

On April 15, 2024, relator filed a petition for writ of mandamus. In the petition, relator asks this court to compel the presiding judge of the 227th Criminal District Court of Bexar County, Texas to rule on motions filed on August 3, 2023, and August 30, 2023 (the Motions). Relator does not otherwise identify the Motions.

"When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act." *In re Ramirez*, 994 S.W.2d 682, 683-84 (Tex. App.—San Antonio 1998, orig. proceeding) (citing *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding)). However, "[t]he movant must show that the matter was brought to the attention of the trial court and the trial court failed or refused to rule." *In re Hearn*,

---

[1] This proceeding arises out of the 227th Criminal District Court of Bexar County, Texas, styled *State of Texas v. Raymond Andrew Deba*, the Honroarble Christine Del Prado presiding.

137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). "Merely filing the matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court." *Id*. "After these prerequisites are met, we have jurisdiction to direct the trial court to consider and rule on pending matters; however, we may not tell the trial court what ruling it should make." *Id*. (citing *In re Ramirez*, 994 S.W.2d at 684).

Further, it is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* TEX. R. APP. P. 52.7(a)(1) (requiring that relator file certified or sworn copy of every document material to claim for relief).

After considering the petition, the court concludes relator has not demonstrated that he is entitled to the relief sought. Relator's failure to provide a record for review leaves him incapable of demonstrating his right to relief—*i.e.*, that he brought the failure to rule on the Motions to the attention of the trial court and the trial court still failed or refused to rule.

Accordingly, we DENY the petition for writ of mandamus without prejudice.

PER CURIAM

DO NOT PUBLISH