

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00622-CR

**IN RE** Edward **ROCHA**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: October 23, 2024

PETITION FOR WRIT OF MANDAMUS DENIED

On September 19, 2024, relator filed a petition for a writ of mandamus in this court. In his mandamus petition, relator asks us to direct the trial court "to answer and take action on" on his motion for forensic DNA testing filed under chapter 64 of the Texas Code of Criminal Procedure.[2]

---

[1]This proceeding arises out of Cause No. 2017CR8265, styled *State of Texas v. Edward Rocha*, pending in the 187th Judicial District Court, Bexar County, Texas, the Honorable Stephanie R. Boyd presiding.

[2]In his mandamus petition, relator cites to article 64.01(c) of the Texas Code of Criminal Procedure, which provides in pertinent part:

> The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent. Counsel must be appointed under this subsection not later than the 45th day after the date the court finds reasonable grounds or the date the court determines that the person is indigent, whichever is later.

TEX. CODE CRIM. PROC. art. 64.01(c).

In an original proceeding, the relator has the burden of providing the appellate court with a sufficient record to establish his entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). This means the relator must provide the appellate court with copies of the documents material to the issue presented in his mandamus petition. *In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding); *see* TEX. R. APP. P. 52.3(k) (specifying necessary contents of the appendix in an original proceeding); TEX. R. APP. P. 52.7(a)(1) (requiring relator to file certified or sworn copy of every document material to claim for relief).

"A trial court is required to consider and rule upon a motion within a reasonable time." *In re Mendoza*, 131 S.W.3d at 167 (citing *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding)). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act." *Id*. To obtain mandamus relief, the relator "must show that the [motion] was brought to the attention of the trial court and the trial court failed or refused to rule [on the motion]." *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). "Merely filing the [motion] with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court." *Id*. After the prerequisites to mandamus relief are established, the appellate court is authorized to direct the trial court to consider and rule on a pending motion. *Id*. However, the appellate court cannot tell the trial court what ruling it should make. *Id*.

Here, relator did not file any documents in support of his mandamus petition. Thus, relator has not met his burden to establish that his motion has been pending in the trial court for an unreasonable amount of time, that his motion has been brought to the trial court's attention, and that the trial court has failed or refused to rule on his motion. We conclude relator has not demonstrated his entitlement to mandamus relief. Accordingly, his petition for a writ of mandamus

is denied. *See In re Graham*, No. 12-05-00058-CV, 2005 WL 673685, at \*1 (Tex. App.—Tyler March 23, 2005, orig. proceeding) (designated published) (denying mandamus petition complaining of trial court's alleged failure to rule on a motion for appointment of counsel under article 64.01(c) when nothing in the record showed the trial court had notice of the motion); Tex. R. App. P. 52.8(a).

PER CURIAM